Commonwealth, Appellant, *v.* Smith.
Commonwealth, Appellant, *v.* Myers.

Argued November 12, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Bernard L. Siegel*, First Assistant District Attorney, with him *R. Gordon Kennedy*, District Attorney, for Commonwealth, appellant.

*James R. Dailey*, for appellees.

OPINION BY CERCONE, J., February 27, 1975:

This is an appeal by the Commonwealth from the order of the court below dismissing criminal charges filed against the appellees, David Smith, and David Patrick Myers.

The stipulated facts giving rise to this appeal are as follows. Both appellees (hereinafter defendants) were charged, before District Justice Stephen Ostrowski, with the crime of receiving stolen property in violation of 18 P.S. § 4817, the property in question being a 1968 Dodge pick-up truck. On April 26, 1973, after a preliminary hearing, Justice Ostrowski dismissed the charge against each defendant because of the Commonwealth's failure to establish a prima facie case. Subsequently, each defendant was charged, before District Justice Charles

Wise, with the crime of accessory after the fact. (18 P.S. § 5105.) The crime for which they were allegedly accessories was the theft and dismantling of the aforementioned pick-up truck. Preliminary hearings relative to this charge were held on June 19, 1973, at the conclusion of which Justice Wise ordered that both defendants be bound over to court. The witnesses and their testimony at the hearing held on June 19, 1973, were identical in every material way with the hearing of April 26, 1973. The defendants then filed a pleading entitled "Application for Dismissal of Charges," in the Court of Common Pleas of Erie County. A hearing was held on this application, and on September 4, 1973, the lower court concluded that the case of *Commonwealth v. Campana*, 452 Pa. 233 (1973) prevented the Commonwealth from bringing the charge of accessory after the fact and, therefore, ordered the charges be dismissed. The instant appeal by the Commonwealth followed.

The sole issue presented for our consideration is whether the Commonwealth is barred from bringing a different charge against the defendant(s) following the dismissal of a charge at the preliminary hearing for failure to establish a prima facie case arising from the same criminal episode or transaction. We conclude that the Commonwealth is not barred from initiating the additional proceedings.

A preliminary hearing in our Commonwealth is not a trial and its purpose is not to decide guilt or innocence; but rather to determine whether a prima facie case has been made out which is legally sufficient to hold the accused for the grand jury. *Commonwealth ex rel. White v. Myers*, 419 Pa. 244 (1965). Moreover, it is axiomatic that in order to prevail on a plea of double jeopardy the defendant must establish that he has already been once placed in jeopardy. In a jury case, jeopardy does not attach until the jury has been impaneled and sworn; and in a non-jury case, jeopardy at-

taches when the accused has been subjected to a charge and the court has begun to hear evidence. *United States v. Pecora,* 484 F.2d 1289 (3d Cir. 1973) ; *Commonwealth v. Culpepper,* 221 Pa. Superior Ct. 472 (1972).

In the case at bar, the defendants contend that they were placed in double jeopardy when they were bound over to court on the accessory charges after the initial charge of receiving stolen property had been dismissed at the first preliminary examination. Thus, their argument is reduced to the proposition that a plea of former jeopardy can be predicated on the action of an issuing authority at a preliminary hearing. Although our own appellate courts have never previously addressed themselves to this proposition, the Supreme Court of the United States has discussed the issue. In *United States ex rel. Rutz v. Levy,* 268 U.S. 390, 393, 45 S. Ct. 516, 69 L. Ed. 1010 (1925), Mr. Justice SUTHERLAND stated:

"Under state law it has uniformly been held that the discharge of an accused person upon a preliminary examination for want of probable cause constitutes no bar to a subsequent preliminary examination before another magistrate. Such an examination is not a trial in any sense, and does not operate to put the defendant in jeopardy." (citations omitted.) See *Collins v. Loisel,* 262 U.S. 426, 43 S. Ct. 618, 67 L. Ed. 1062 (1923).

Defendants contend, however, that the rationale of *Commonwealth v. Campana,* 452 Pa. 233 (1973), *vacated and remanded* 414 U.S. 808, 94 S. Ct. 73, 38 L. Ed. 2d 44 (1973), explained 455 Pa. 622 (1974), would support the application of double jeopardy in this case. This contention is erroneous. *Campana,* supra, held, in essence, that where multiple criminal offenses arise from the same episode or transaction, all the offenses must be *tried* in one prosecution. We construe *Campana* to bar only successive trials not successive preliminary proceedings which are not in fact trials. Fur-

thermore, Rule 141(d)[1] of the Pennsylvania Rules of Criminal Procedure, 19 P.S. Appendix, provides, inter alia, that so long as the costs have been paid by the affiant, the Commonwealth can recharge an accused before an issuing authority on the same cause. Obviously, if the Commonwealth is free to recharge on the same accusation, it can certainly institute proceedings on a different charge arising from the same criminal episode.

Accordingly, the order of the court below is reversed.

---

1. Former Rule 120(c) adopted January 31, 1970, effective May 1, 1970; renumbered as Rule 141 and amended September 18, 1973, effective January 1, 1974; was substantially similar to Rule 141(d).