## Commonwealth v. Braithwaite

*James D. Bogar,* Assistant District Attorney, for Commonwealth.

*George W. Gekas,* for defendant.

SHUGHART, *P. J.,* September 26, 1975—Four criminal complaints arising from the burglary of a commercial establishment on March 10, 1975, were

filed against defendant, Victor Braithwaite. The first, charging burglary, was brought on the day of the alleged crime. The second was brought on March 20, 1975, for the crime of abetting a theft. On April 17, 1975, the day following a hearing which resulted in dismissal of the first complaint, the third complaint, charging burglary and conspiracy to commit burglary, was filed. The fourth complaint, charging defendant and one Leonard Lewis with conspiracy to commit burglary, was filed on May 21, 1975, the same day that both the second and third complaints were withdrawn by the affiant. After a hearing on June 6, 1975, defendant was bound over for grand jury action. The grand jury returned an indictment for conspiracy in August 1975. With trial imminent, defendant has petitioned the court for dismissal of charges, contending that the 180-day period during which he must be brought to trial began on March 10, 1975, with the filing of the first complaint, and expired on September 6, 1975.

Pa. R. Crim. P. 1100(a)(2) provides:

"Trial in a *court case* in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed." (Emphasis supplied.)

For the purpose of this provision, the term "court case" must be construed to mean that chain of proceedings commencing with a complaint or by other means as elaborated in paragraph 3 of the comment to Rule 1100. A "court case" may terminate in a number of ways, including acquittal, nolle pros., quashing of an indictment, withdrawal of a complaint and dismissal of charges by a district justice following a preliminary hearing. The latter two of

these possibilities occurred in the situation at hand when the first three complaints were dismissed or withdrawn. Using this definition of "court case," it is clear that when Rule 1100(a)(2) refers to "the complaint," it means that specific complaint which instituted the proceedings leading to the trial in question. The trial here clearly arose from the fourth complaint. The fourth is the complaint on which defendant was bound over for further proceedings and the only complaint which still breathes life, the others having been dismissed or withdrawn.

It appears that defendant is applying to "court case" a definition similar to "criminal episode" as used in the analysis of double jeopardy issues. See Commonwealth v. Campana, 452 Pa. 233, 304 A. 2d 432 (1973), vacated and remanded 414 U.S. 808 (1973), explained 455 Pa. 622, 314 A. 2d 854 (1974). Double jeopardy does not apply to the pretrial stages of prosecution (Commonwealth v. Smith, 232 Pa. Superior Ct. 546, 334 A. 2d 741 (1975); Commonwealth v. Lefever, 25 Cumb. 166 (1975)), and we see no reason to extend the application of Rule 1100 in the manner suggested by defendant. Were we to adopt the contention of defendant, we would encourage the prosecution to delay the filing of charges to gain the benefit of the greatest possible time for investigation, thereby delaying the criminal process and encouraging stale trials. Where the possibility of double jeopardy has not attached, there is no reason to restrict the continuing investigation of crime and to do so would run contrary to public policy.

The rule to show cause why the charges should not be dismissed on the basis that prosecution is barred by the 180-day rule must be discharged.

## ORDER

And now, September 26, 1975, the rule to show cause why the charges against defendant should not be dismissed be and is hereby discharged and the petition, therefore, dismissed.