## Commonwealth v. Rush

*Paul Millin,* for Commonwealth.
*Norbert Powell,* for defendant.

WOLFE, *P.J.*, May 6, 1976—Before us is the issue of the interpretation of Rule 141(d) of Rules of Criminal Procedure governing preliminary hearings in court cases.

Defendant was arrested and charged with violation of The Vehicle Code of April 29, 1959, P.L. 58, 75 P.S. §1037, driving while under the influence of intoxicating liquor, and violation of section 1027(a), (b), failure to stop at the scene of an accident in which he was involved and properly identify himself.

A preliminary hearing was held before a district magistrate and the charges were dismissed for failure of the Commonwealth to make out a prima facie case; thereafter, the Commonwealth refiled the same charges before another district magistrate who set a hearing date but on motion of defendant the charges were again dismissed on the grounds of double jeopardy without the magistrate holding an evidentiary hearing.

Counsel for defendant as well as the Commonwealth agree that the magistrate was in error in discharging the case on the ground of double jeopardy in view of the fact this is a court case and no guilt or innocence is determined but only sufficient cause to bind the defendant over for court is determined in accordance with the provisions of Pa.R.Crim.P. 143. Defendant argues, however, that the first and second proceedings are conclusive and, notwithstanding the fact the Commonwealth may again refile the same charges, the court of common pleas cannot direct or order the district magistrate to entertain the complaint again once it has been dismissed.

We note in passing there are only two district magistrates in Forest County and it seems very un-

likely that the Commonwealth would again file before one of these magistrates when both have dismissed it if in fact a second hearing had been held, thus putting the issue squarely before us if the court can order the magistrate within whose district the alleged crime occurred to hear the merits thereof. The first magistrate was assigned to the case due to the unavailability of the second magistrate; however, the conduct occurred in the second magistrate's district and it was this magistrate who dismissed the charges erroneously concluding to proceed would constitute double jeopardy.

In Com. v. Myers, 232 Pa. Superior Ct. 546, 334 A. 2d 741 (1975), the court held in a factual situation where defendants were charged with receiving stolen property and after a preliminary hearing which resulted in dismissal the Commonwealth subsequently charged defendant before another magistrate on the identical facts with the crime of accessory after the fact and following a preliminary hearing defendants were bound over to court. The lower court's dismissal on the grounds of double jeopardy citing Com. v. Campana, 452 Pa. 233, 304 A. 2d 432 (1973), was reversed, the court holding:

"A preliminary hearing in our Commonwealth is not a trial and its purpose is not to decide guilt or innocence; but rather to determine whether a prima facie case has been made out which is legally sufficient to hold the accused for the grand jury. Com. ex rel. White v. Myers, 419 Pa. 244, [213 A. 2d 622] (1965). Moreover, it is axiomatic that in order to prevail on a plea of double jeopardy the defendant must establish that he has already been once placed in jeopardy. In a jury case, jeopardy does not attach until the jury has been impaneled and

sworn; and in a non-jury case, jeopardy attaches when the accused has been subjected to a charge and the court has begun to hear evidence. [Citations omitted]."

Rule 141(d) of Rules of Criminal Procedure provides:

"If a prima facie case of the defendant's guilt is not established at the preliminary hearing . . . the issuing authority shall discharge the defendant; and if he finds that the prosecution was brought without probable cause, the issuing authority shall order affiant to pay the costs of the prosecution. No further proceedings may be had before any issuing authority on the same cause until the affiant in the original proceedings had repaid the costs. When a defendant has been discharged as herein provided and is thereafter arrested or summoned before an issuing authority *on the same cause* without the payment of costs by the original affiant, an issuing authority shall, upon application of the defendant and upon being satisfied that the subsequent proceeding is substantially on the same cause involved in the first action, by whatever name it may be called, discharge the defendant." (Emphasis supplied.)

This rule permits the refiling of the same cause before a different magistrate on the condition that the costs of the original proceedings have been paid by the affiant in the first proceeding.

In the instant case we accept the Commonwealth's position it did pay the costs of the original proceedings as the court was advised at the time of the argument by the district attorney.

We agree with the defense that the general rule is the finding of a magistrate is conclusive; however, we cannot agree that this means the court is power-

less to correct an erroneous legal conclusion of the magistrate. In McNair's Petition, 324 Pa. 48, 187 Atl. 498 (1936), it was held where a magistrate has no power to finally try and dispose of a case it is his duty to hear the evidence to determine whether the Commonwealth has established a prima facie case. If probable cause to hold defendant has not been proven he must discharge defendant, otherwise it is his duty to hold defendant for court or grand jury. This prerogative is within the magistrate's discretion and he must be "free from all external influences and, so long as he renders judgment in good faith, he is accountable to no one." We interpret this to mean that if a magistrate acts in good faith he is not subject to court reprimand or any penalty even though he may be extremely erroneous in his judgment. It is clear, the magistrate must hold a preliminary hearing to determine if a prima facie case has been made out unless the charges are so frivolous or constitute no crime on the face of the complaint.

Although we agree we would be acting improperly if we directed the magistrate to again hear the case if a decision were made on the merits we believe it would be equally improper to bar the Commonwealth from the opportunity to present its case on the merits as Rule 141(d) provides. This is a matter of right of the Commonwealth and not that of the prerogative of the magistrate especially where he acts under an erroneous concept of the law. Indeed, this court could sua sponte hold a preliminary hearing; however, we think it would be better procedure to remand to the second magistrate who has venue as we are convinced the Commonwealth is entitled to another preliminary hearing rather than a dismissal of the charges before a hearing. We do not hold the Commonwealth may

harass an accused as has been inferred and that issue must remain for future disposition if it should arise.

For the foregoing reasons we enter the following

## ORDER

And now, May 6, 1976, the petition of the Commonwealth directing district magistrate Regis A. Fleming to schedule a preliminary hearing is granted, and it is herein ordered that district magistrate Regis A. Fleming shall schedule a preliminary hearing convenient to all parties and shall hear and determine if a prima facie case is made out against defendant and if so bind defendant over to court, otherwise discharge him.