371 A.2d 1316

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Andrew Joseph FLANDERS, Appellee.**

Superior Court of Pennsylvania.

Submitted Nov. 8, 1976.

Decided March 31, 1977.

42

John J. Driscoll, Assistant District Attorney, and Albert M. Nichols, District Attorney, Greensburg, for appellant.

Bernard F. Scherer, Latrobe, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

JACOBS, Judge:

This is an appeal by the Commonwealth from the order of the lower court dismissing the charge of driving while under the influence of an intoxicating liquor. The issue presented for our determination is whether the Commonwealth is barred by the Fifth Amendment of the United States Constitution or *Commonwealth v. Campana,*[1] from bringing the same charge against a defendant following a dismissal of that charge at a prior preliminary hearing for failure to establish a prima facie case. We hold that the Commonwealth is not barred from refiling the same charge and initiating a second preliminary hearing and, therefore, reverse the order of the lower court.

On November 21, 1975, the Commonwealth filed a criminal complaint alleging that the appellee was guilty of driving while under the influence of an intoxicating liquor, a misdemeanor.[2] At the first preliminary hearing on November 28, 1975, the charges were dismissed by the magistrate who ruled that the Commonwealth had failed to establish a prima facie case in that it had failed to place the appellee as the driver of the vehicle. Thereafter, on December 11, 1975, the Commonwealth refiled the charges before a different magistrate, who, on February 4, 1976, ruled that the Commonwealth had, through the use of additional witnesses, established a prima facie case. The appellee filed petitions to suppress evidence and to quash the information on the basis that his Fifth Amendment right against double jeopardy had been violated by the second preliminary hearing. The lower court agreed on the basis of *Commonwealth v. Campana,* supra, and granted the petition. This appeal by the Commonwealth followed.

A preliminary hearing in our Commonwealth is not a trial and its purpose is not to decide guilt or innocence; but rather to determine whether a prima facie case has been

1. 452 Pa. 233, 304 A.2d 432, *vacated on other grounds,* 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), *on remand,* 455 Pa. 622, 314 A.2d 854 (1974).

2. Act of April 29, 1959, P.L. 58, § 1037, 75 P.S. § 1037 (1971).

made out which is legally sufficient to hold the accused for the grand jury. *Commonwealth ex rel. White v. Myers,* 419 Pa. 244, 213 A.2d 662 (1965); *Commonwealth v. Smith,* 232 Pa.Super. 546, 334 A.2d 741 (1975). Moreover, the United States Supreme Court recently stated in *Serfass v. U.S.,* 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975), that double jeopardy does not attach in a jury trial until a jury is empaneled and sworn or until the court begins to hear evidence in a nonjury case. *See, U.S. v. Pecora,* 484 F.2d 1289 (3rd Cir. 1973); *Commonwealth v. Stewart,* 456 Pa. 447, 317 A.2d 616, *cert. denied,* 417 U.S. 949, 94 S.Ct. 3078, 41 L.Ed.2d 670 (1974); *Commonwealth v. Smith,* supra; *Commonwealth v. Culpepper,* 221 Pa.Super. 472, 293 A.2d 122 (1972). Clearly, under the facts of this case the Fifth Amendment proscription against double jeopardy had yet to attach.

■ Recently, in *Commonwealth v. Smith,* supra, our Court held that a plea of former jeopardy cannot be predicated on the action of an issuing authority at a preliminary hearing.[3] In that case, charges of receiving stolen property had been dismissed after a preliminary hearing because of the failure of the Commonwealth to establish a prima facie case. The Commonwealth thereupon filed different charges against the defendants, charging them as accessories after the fact. We held that double jeopardy did not bar the subsequent action. We reject the appellant's contention that *Smith* impliedly held that the *same* charge could not be refiled by the Commonwealth. To the contrary, we said in *Smith* :

3. In *Smith,* 232 Pa.Super. at 549, 334 A.2d at 743, we cited with approval a passage from *U.S. ex rel. Rutz v. Levy,* 268 U.S. 390, 393, 45 S.Ct. 516, 517, 69 L.Ed. 1010 (1925), in which Mr. Justice Sutherland stated:

"Under state law it has uniformly been held that the discharge of an accused person upon a preliminary examination for want of probable cause constitutes no bar to a subsequent preliminary examination before another magistrate. Such an examination is not a trial in any sense and does not operate to put the defendant in jeopardy." (Citations omitted.)

"[S]o long as the costs have been paid by the affiant, the Commonwealth can recharge an accused before an issuing authority on the same cause. Obviously, if the Commonwealth is free to recharge on the same accusation, it can certainly institute proceedings on a different charge arising from the same criminal episode." *Id.,* 232 Pa.Super. at 550, 334 A.2d at 743.

Such a conclusion is buttressed by the fact that there is no constitutional right to a preliminary hearing in Pennsylvania. *See Commonwealth v. Mayberry,* 459 Pa. 91, 327 A.2d 86 (1974) and cases cited therein.

■ *Commonwealth v. Campana,* supra, also does not help the appellee. *Campana* held that where multiple criminal offenses arise from the same episode or transaction, all the offenses must be tried in one *prosecution. Campana* bars successive trials. It does not bar successive preliminary proceedings which are not in fact trials. *Commonwealth v. Smith,* supra, 232 Pa.Super. at 549, 334 A.2d at 743.

■ Appellant finally contends, however, that the order of the lower court should be affirmed because there has been no showing on the record that the affiant has complied with the cost provisions of Pa.R.Crim.P. 141(d). That section provides:

"(d) If a prima facie case of the defendant's guilt is not established at the preliminary hearing, and no application for continuance, supported by reasonable grounds, is made by an interested person, and no reason for a continuance otherwise appears, the issuing authority shall discharge the defendant; and if he finds that the prosecution was brought without probable cause, the issuing authority shall order affiant to pay the cost of the prosecution. *No further proceedings may be had before any issuing authority on the same cause until the affiant in the original proceeding has repaid the costs.* When a defendant has been discharged as herein provided and is thereafter arrested or summoned before an issuing authority on the same cause without the payment of costs by the original affiant, an issuing authority shall, upon application of the

defendant and upon being satisfied that the subsequent proceeding is substantially on the same cause involved in the first action, by whatever name it may be called, discharge the defendant." (Emphasis added.)

We are unable to rule on this contention because the record is inconclusive on this point. The case is therefore remanded for a determination as to whether the affiant paid the costs as provided by Rule 141(d). If he did, then the order of the lower court is reversed. If it is concluded that Rule 141(d) was not complied with, in that the costs were not paid prior to the second preliminary hearing, then the order of the lower court is affirmed, not because of any double jeopardy or *Campana* violation, but because of non-compliance with Rule 141(d).

WATKINS, President Judge, and PRICE, J., concur in the result.