## Commonwealth v. Curtis

388

*D. Patrick Zimmerman*, for applicant.
*Joseph C. Madenspacher, Assistant District Attorney*, contra.

MUELLER, *J.*, March 17, 1978—On or about November 13, 1977, at approximately 1:42 a.m., defendant was allegedly involved in an altercation with Officer Larry Smith of the Lancaster Bureau of Police. As a result of this incident defendant was charged by Detective Crump of the Lancaster Bureau of Police with aggravated assault on a police officer, resisting arrest, theft and criminal mischief. He was also charged with operating a motor vehicle while under the influence of alcohol or a controlled substance (O.M.V.I.) in a charge brought by Officer Smith.[1] On December 6, 1977, at 3:30 p.m., defendant appeared before District Justice Peter Schweich for a preliminary hearing on these charges. Defendant has characterized the proceedings as one hearing at which all charges were heard together with the O.M.V.I. charge heard at the end. The Commonwealth asserts that there were two separate hearings, one after the

---

1. The O.M.V.I. offense is codified under the new Vehicle Code of June 17, 1976, P.L. 162, 75 Pa.C.S.A. §3731, which classifies the offense as a misdemeanor of the third degree. As such it was not triable by the district justice, at least where, as here, defendant was not pleading guilty.

other, with the aggravated assault on a police officer, resisting arrest, theft and criminal mischief charges heard at the first hearing and the O.M.V.I. charge heard at the second. For reasons which will become apparent, the court is not concerned with whether one consolidated hearing or two separate hearings took place.

The record shows that the district justice returned to court the aggravated assault charge, reducing it from a felony to a misdemeanor of the second degree, the resisting arrest charge and the criminal mischief charge. The theft by unlawful taking or disposition charge was dismissed. It is undisputed from defendant's application and the Commonwealth's answer that after hearing testimony on the O.M.V.I. charge the district justice on his own motion reduced the O.M.V.I. charge to underage drinking,[2] found defendant guilty and sentenced him to a fine and costs. Some time after this, immediately after, according to the Commonwealth and within five minutes according to defendant, the district justice reversed himself and dismissed the underage drinking charge. Defendant is now asserting that the underage drinking charge and the other charges which have been returned to court all occurred out of one single criminal episode, that the district justice made a final disposition of the underage drinking charge when he found defendant guilty and sentenced him, and that therefore the information before the court at this time must be quashed on grounds of double jeopardy, citing Com. v. Campana, 452 Pa. 233,

2. Underage drinking is classified under the Crimes Code as a summary offense: Crimes Code of December 6, 1972, P.L. 1482, 18 C.P.S.A. §6308.

304 A. 2d 432, vacated and remanded, 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed. 2d 44 (1973), on remand, 455 Pa. 622, 314 A. 2d 854, cert. denied, 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed. 2d 1114 (1974).

The key question in resolving any double jeopardy issue, at least since the opinion of our Supreme Court in Campana, is whether the second prosecution arose out of the same single criminal episode as the first. However, in this case we must first decide an even more basic question, whether the district justice in fact made a final disposition of the O.M.V.I. charge. The Commonwealth asserts that the district justice was without the power to, on his own motion, reduce the O.M.V.I. charge to a summary offense. If that is so, then he lacked jurisdiction to dispose of that offense. The only reported Pennsylvania case which the court could find on this precise issue was decided over 80 years ago, but the court finds its logic to be persuasive today in spite of the many changes in the statutes and rules regulating criminal procedure which have been adopted since that time. In Com. v. Catterson, 3 Lack. Jur. 1 (1892), the Lackawanna County Court of Common Pleas held that where the offense charged in the information is not triable by a justice, he will not be allowed to eliminate the offense and proceed to try a lesser offense of the same nature within his jurisdiction. In that case the court noted that "the sworn complaint made at the inception of the proceedings stands . . . as . . . the basis of [the proceedings] . . . and of necessity furnishes the test by which the jurisdiction of the justice to go on and try the defendant is to be determined." 3 Lack. Jur. at 2. An examination of the current statutes and rules governing the powers of district jus-

tices reveals that the rationale of the Catterson decision is just as persuasive today as it was in 1892.

The procedure to be followed by a district justice at a preliminary hearing involving a court case[3] is very clearly laid out by the Pennsylvania Rules of Criminal Procedure. Rule 143 provides in relevant part: "Rule 143. Disposition of Case at Preliminary Hearing—a. If the Commonwealth establishes a *prima facie* case of the defendant's guilt, the issuing authority shall hold him for court. Otherwise, the defendant shall be discharged. In either case, the decision of the issuing authority shall be publicly pronounced." (Emphasis supplied.)

A district justice is empowered under certain circumstances to accept a plea of guilty in a court case where specifically authorized by statute. See, e.g., Magisterial District Reform Act of July 15, 1976, P.L. 1014, sec. 303, 42 P.S. §2303(3) and (4). Pa.R.Crim.P. 149 outlines the procedure in such a case. However the court has carefully researched the matter and has found no grant of authority, either by statute or rule, that would permit a district justice to reduce an offense in a court case to a summary offense. The authority and power of a district justice is wholly statutory, and the exercise thereof must be in strict compliance with statutory requirements, or it is without lawful effect. See Com. v. Krasner, 62 Luz. 14 (1971) (summary conviction for misdemeanor offense reversed because

---

3. A "Court Case" is defined under the rules to be one in which one or more of the offenses charged is a misdemeanor, felony or murder of the first or second degree: Pa.R.Crim.P. 3. The charge of O.M.V.I. as presented to the district justice was clearly a court case.

district justice had no jurisdiction). Since there is no authority for the action of the district justice in this case, he acted outside the scope of his jurisdiction in reducing the misdemeanor charge to the summary offense of underage drinking. To hold otherwise would be to permit the district justice to turn that which had begun as a preliminary proceeding into a final one.[4] We hold, therefore, that the district justice had no jurisdiction to hear the summary charge of underage drinking, and his finding of guilt was a nullity. The district justice apparently recognized this fact as he immediately reversed his finding of guilt and ruled that a prima facie case had not been established by the prosecution on the misdemeanor O.M.V.I. charge which he then dismissed. His dismissal of the charge was a proper exercise of his authority under Pa.R.Crim.P. 143.

The court can now address the double jeopardy issue posed by defendant's motion. Section 112 of the Crimes Code of December 6, 1972, P.L. 1482, sec. 1, 18 C.P.S.A. §112, specifically provides that: "A prosecution is not a bar within the meaning of section 109 of this title . . . through section 111 of this title [the sections defining when a prosecution is barred by a former prosecution on the grounds of double jeopardy], under any of the following circumstances: (1) the former prosecution was before a court which lacked jurisdiction over the defendant or the offense. . . ."

Since the district justice had no jurisdiction over the summary offense, defendant is not exposed to

---

4. The court notes that summary proceedings must be strictly construed since they are not only penal in nature, but also deny the right to a trial by jury: Com. v. Cook, 226 Pa. Superior Ct. 273, 278, 308 A. 2d 151, 154 (1973).

double jeopardy by the prosecution of the charge in the information presently before the court. His dismissal of the misdemeanor charge does not bar a subsequent prosecution for the same or related offenses on double jeopardy grounds. See Com. v. Flanders, 247 Pa. Superior Ct. 41, 371 A. 2d 1316 (1977). Our holding today is in harmony with section 110 of the Crimes Code and the opinion of our Supreme Court in the Campana case requiring all offenses to be consolidated in one proceeding to avoid harassment and oppression of a citizen through repeated efforts by authorities to obtain a conviction and to prevent societal interest against piecemeal litigation which drains judicial and professional resources. See Com. v. Longenecker, 2 D. & C. 3d 329 (1977). Defendant Curtis attended one preliminary hearing and faces one consolidated trial on the charges in the information. The application to quash is denied.

## ORDER

And now, March 17, 1978, defendant's application to quash information is denied.