## In re Smith

*Angelo J. Baro, Assistant District Attorney,* for Commonwealth.

*Alan B. Ziegler, Assistant Public Defender,* for minor.

SCHAEFFER, *J.,* April 23, 1979—A petition alleging that Sebastian J. Smith committed certain delinquent acts on June 5, 6, and 8, 1978, was filed on August 11, 1978. On August 18, 1978, the matter was called before the Honorable Thomas J. Eshelman; sitting in juvenile court. At that time, the Commonwealth desired to have another juvenile, one Darrell Cornell Devault, give testimony concerning the matter. However, Devault did not want to testify at that time. Therefore, before any witnesses were sworn or testimony taken, the Commonwealth moved for a continuance and Judge Eshelman granted the motion.

In accordance with Pa.R.A.P. 1925(b), we directed Smith to file of record the matters of which he complained on appeal. Accordingly, Smith listed the following matters:

1. The trial court abused its discretion in granting the Commonwealth a continuance because a Commonwealth witness would not testify in the manner the Commonwealth desired.

2. The trial court abused its discretion in granting the Commonwealth a continuance because the Commonwealth did not have a witness subpoenaed and present for trial, even though said Commonwealth was aware of the existence of said witness and had reason to know said witness would be needed for trial.

3. The retrial of defendant on September 29, 1978, after all the witnesses and defendant were present and after the case was called for trial on August 18, 1978, before the Honorable Thomas J.

Eshelman, who was seated and prepared to take testimony violated the double jeopardy clauses of the Constitutions of the United States and Pennsylvania.

4. The retrial of defendant on September 29, 1978, after all the witnesses and defendant were present and after the case was called for trial on August 18, 1978, before the Honorable Thomas J. Eshelman who was seated and prepared to take testimony violated the due process and equal protection clauses of the Constitutions of the United States and Pennsylvania.

5. The failure to answer or quash said petition on September 29, 1978, after all the witnesses and defendant were present and after the case was called for trial on August 18, 1978, before the Honorable Thomas J. Eshelman who was seated and prepared to take testimony violated the double jeopardy, due process and equal protection clauses of the Constitutions of the United States and Pennsylvania.

6. The delay in trial from August 18, 1978, when all the witnesses and defendant were present and the Honorable Thomas J. Eshelman was seated and prepared to take testimony until September 29, 1978, violated defendant's right to a speedy trial under the laws of Pennsylvania and the Constitutions of the United States and Pennsylvania.

The granting of a continuance is within the sound discretion of the court. Certainly a continuance granted seven days after the petition was filed to give the Commonwealth additional time to prepare its case was reasonable and proper and by no stretch of the imagination can be an abuse of discretion. Therefore, the first and second issues raised by Smith are without merit.

Smith next argues that when he was brought to

trial on September 29, 1978, before this court, such action constituted a "retrial" of the case and violated the double jeopardy provision of the Federal and state Constitutions. Obviously, the trial on September 29, 1978, was not a "retrial" but the first and only trial in this matter. Trial without a jury does not begin until the court begins to hear evidence: Serfass v. United States, 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed. 2d 265 (1975); Com. v. Smith, 232 Pa. Superior Ct. 546, 334 A. 2d 741 (1975).

No witness was sworn nor evidence produced on August 18. Therefore, Smith's double jeopardy argument is totally without merit to the point of being frivolous.

Smith, in his fourth issue raised, states that requiring him to proceed to trial on September 29, 1978, violated his rights to due process and equal protection under the Federal and state Constitutions. Smith provided the court with no authority for this amazing proposition nor any reasons why holding the trial on that date prejudiced him or denied him his rights.

The fifth issue raised again asserts the double jeopardy argument which is totally without merit.

The sixth issue is to the effect that the delay in trial from August 18, 1978 to September 29, 1978, violated Smith's right to a speedy trial. This position is also palpably invalid. Smith was tried within 50 days after the petition was filed against him.

We, therefore, hold that our findings of September 29, 1978 to the effect that Sebastian J. Smith did commit the delinquent acts alleged in paragraphs 1, 2 and 3 of the petition and our order of that date certifying these proceedings to the Philadelphia Family Court were proper.