420 A.2d 717

COMMONWEALTH of Pennsylvania

v.

James SCOTT, Appellant.

Superior Court of Pennsylvania.

Argued Dec. 6, 1979.

Filed June 20, 1980.

Leonard Sosnov, Assistant Public Defender, Philadelphia, for appellant.

Steven J. Cooperstein, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and PRICE, SPAETH, HESTER, CAVANAUGH, MONTGOMERY and HOFFMAN, JJ.

SPAETH, Judge:

This is an appeal from an order denying a motion for dismissal of charges following appellant's rearrest; after appellant's first arrest, the same charges had been dismissed. Appellant argues that dismissal was required by Rule 141(d) of the Pennsylvania Rules of Criminal Procedure, as it read before its recent amendment,[1] because the cost of the first prosecution had not been paid. The issue before us is whether Rule 141(d) required such cost to be paid prior to any second prosecution or only in cases where the first prosecution had been found to have been without probable cause. This appeal was originally argued before a three—judge panel of this court but we granted a motion by the Commonwealth for reargument en banc.

Appellant was arrested on June 19, 1977, and charged with the felonies of theft by unlawful taking and theft by receiving stolen property and the misdemeanors of unauthorized use of an automobile, theft by unlawful taking, and theft by receiving property. He was alleged to have been

1. At the time defendant moved for discharge, Pa.R.Crim.P. 141(d) provided:

> If a prima facie case of the defendant's guilt is not established at the preliminary hearing, and no application for continuance, supported by reasonable grounds, is made by an interested person, and no reason for a continuance otherwise appears, the issuing authority shall discharge the defendant; and if he finds that the prosecution was brought without probable cause, the issuing authority shall order affiant to pay the cost of the prosecution. No further proceedings may be had before any issuing authority on the same cause until the affiant in the original proceeding has repaid the costs. When a defendant has been discharged as herein provided and is thereafter arrested or summoned before an issuing authority on the same cause without the payment of cost by the original affiant, an issuing authority shall, upon application of the defendant and upon being satisfied that the subsequent proceeding is substantially on the same cause involved in the first action, by whatever name it may be called, discharge the defendant.

The rule was amended April 26, 1979, effective July 1, 1979, and the payment of costs requirement was eliminated. The rule now reads:

> If a prima facie case of the defendant's guilt is not established at the preliminary hearing, and no application for continuance, supported by reasonable grounds, is made by an interested person, and no reason for a continuance otherwise appears, the issuing authority shall discharge the defendant.

operating an automobile stolen on May 6, 1977, from Hertz Auto Rental with a license tag separately stolen on some unspecified date. At the preliminary hearing on July 7, 1977, the judge found that a *prima facie* case had not been established on the felony charges, and they were dismissed; the judge then remanded the misdemeanor charges for trial in Municipal Court.

On August 1, 1977, the Commonwealth withdrew the misdemeanor charges, and appellant was immediately rearrested on all of the original charges, including the two felony charges. Another preliminary hearing was scheduled but before it was held, appellant filed a motion for dismissal pursuant to Rule 141(d). The lower court denied the motion but found that the matter was controlled by a question of law as to which there is substantial ground for difference of opinion, and on August 26, 1977, we granted permission for an interlocutory appeal in this case as authorized by 42 Pa.C.S. § 702(b).

■ Exactly the same question of the construction of Rule 141(d) was presented to the Supreme Court in *Commonwealth v. Cartagena*, 482 Pa. 6, 393 A.2d 350 (1978). The defendant Cartagena had been rearrested following earlier dismissal of the same charges. His claim that the dismissal of the second complaint was required by Rule 141(d) because the cost of the first prosecution had not been paid was explicitly rejected by Justice O'Brien's plurality opinion. *Id.*, 482 Pa. at 15–16, 393 A.2d at 355. It is true that plurality opinions do not automatically have precedential authority. *Commonwealth v. Davenport*, 462 Pa. 543, 342 A.2d 67 (1975). However, if the concurring justices in *Cartagena* had not agreed with the plurality analysis of the requirements of Rule 141(d), a different disposition of the case would have been necessary. Either the cost repayment requirement of the Rule applies to all second prosecutions following any earlier discharge, or it applies only when the discharge includes a finding that the first prosecution had been without probable cause. No other interpretations appear possible. If the requirement applies in all cases, Cart-

agena would have been entitled to a discharge, as would appellant in the present case. However, in *Cartagena* six justices of the Supreme Court joined in denying that relief. Nevertheless, given that the issue is now squarely before us, on reargument, we have concluded that we should not rest our decision only on the plurality opinion in *Cartagena* but should examine the issue further.

This is not the first time the issue has been before us. In *Commonwealth v. Flanders*, 247 Pa.Super. 41, 371 A.2d 1316 (1977), we remanded for a determination of whether the cost of the first prosecution had been paid, with instructions to discharge the defendant if it had not been. This decision, however, is not persuasive. In the first place, nothing indicates that the distinction between a first prosecution brought without probable cause and one that merely failed to result in a *prima facie* case being established was presented to us in *Flanders*, as it was to the Supreme Court in *Cartagena*, and as it is to us here. And in the second place, the Supreme Court's disposition in *Cartagena* would appear to overrule *Flanders, sub silentio.*

A review of the history of Rule 141(d) and a careful reading of the text persuade us that so far as it concerns the Rule, we should now expressly overrule *Flanders*, and adopt the construction of the Rule advanced by Justice O'BRIEN in *Cartagena.*

Rule 141(d) was originally promulgated on June 30, 1964, as Rule 120(c), effective January 1, 1965. The Rule then provided that if a prima facie case was not established at the first preliminary hearing, "[n]o further proceedings [could] be had before any issuing authority until the complainant in the original proceeding [had] paid the costs." The Rule then went on to provide, however, that if despite this requirement, there were further proceedings on the same cause without the payment of costs, "a judge of a court [could], in his discretion," order the defendant discharged. On September 18, 1973, effective January 1, 1974, the Rule was revised and renumbered,[2] in two respects pertinent to our considera-

---

2. *See* note 1, *supra*, for the Rule as revised and renumbered.

tion. With respect to the first preliminary hearing, the provision was added that upon finding that the prosecution had been brought without probable cause, "the issuing authority [should] order affiant to pay the cost of the prosecution." With respect to any further proceedings on the same cause without the payment of costs, the provision that a judge could in his discretion order the defendant's discharge was eliminated, and the provision was added requiring discharge ("an issuing authority shall, upon application of the defendant and upon being satisfied that the subsequent proceeding is substantially on the same cause involved in the first action, ... discharge the defendant.") 454 Pa. ciii (1973).

The purpose of the cost requirement in the Rule was to deter harassment by repeated prosecution on the same charges. *Commonwealth v. Gagliardi*, 51 Pa.D. & C.2d 749 (1970). The history of the Rule, as we have just summarized it, makes it plain how this sanction could be applied. In the original version of the Rule the sanction could be applied in *any* case in which the defendant was rearrested and the cost of the first prosecution had not been paid; *whether* to apply the sanction was a discretionary decision, made by a judge after the defendant had been rearrested. In the revised version of the Rule the sanction could *only* be applied in a case in which the issuing authority at the first preliminary hearing had found that the prosecution had been brought without probable cause; in such a case, whether to apply the sanction was not a discretionary decision by a judge; instead, upon application of the defendant, an issuing authority *had* to apply the sanction.

It is especially unlikely that the intent of the Rule as revised was to require the payment of the cost of the first prosecution prior to *any* second prosecution because rearrest and a second preliminary hearing is the only route open to the Commonwealth to test an issuing authority's judgment that a *prima facie* case has not been made out. *Commonwealth v. Hetherington*, 460 Pa. 17, 331 A.2d 205 (1975). It would be unreasonable to require payment of costs every-

time the Commonwealth wanted to challenge a finding of lack of a *prima facie* case when there had not even been a hint of harassment or failure to show probable cause.

The judge at the first preliminary hearing in the present case not only did not make a determination that the felony charges had been brought without probable cause, but he refused to dismiss the misdemeanor charges. Although this refusal would not make any difference if Rule 141(d) were construed to require payment of costs prior to any second prosecution, it does illustrate the practical reason for construing the Rule the way we do.[3]

Order affirmed.

---

**3.** Appellant alleges in his brief, at 12 fn., that this court violated Rule 2545 Pa.R.App.P. by granting the Commonwealth's motion for reargument without providing him the opportunity to answer. It does appear that Rule 2545 was not followed in this case. However, because appellant has had full opportunity in his brief and in argument to the court en banc to present his position, the violation of the Rule constituted harmless error.