372 A.2d 914

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Robert GARRIS.**

Superior Court of Pennsylvania.

Submitted Nov. 16, 1976.

Decided April 19, 1977.

William J. Wiker, Greensburg, for appellant.

John A. Mika, Greensburg, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

This is an appeal from an order of the court below dismissing a complaint filed under 18 Pa.C.S. § 4323, entitled "Neglect to support bastard." [1] We reverse and reinstate the complaint.

On March 18, 1975, the relator instituted criminal proceedings against appellee by a complaint under § 4323 of the Crimes Code. Pursuant to Pa.R.Crim.P. 133(B), the District Magistrate forwarded the complaint to the Westmoreland County District Attorney for approval or disapproval. The complaint was approved on March 24, 1975, and a preliminary hearing was held on April 31, 1975, at which time the charges were held for court. The case was called to trial on September 22, 1975. Prior to the selection of a jury or the swearing of any witnesses, appellee moved to have the charges dismissed based on the Commonwealth's failure to comply with Pa.R.Crim.P. 1100(a)(2), which states:

"Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974, shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

The trial court granted appellee's motion and dismissed, with prejudice, the charges filed March 18, 1975.

On October 14, 1975, the relator filed a second complaint against appellee under 18 Pa.C.S. § 4323, alleging that appellee was the father of a child born March 4, 1975, and that he willfully neglected or refused to support that child. After a preliminary hearing the case was held for court,

1. 18 Pa.C.S. § 4323(a) states that:
   "A person is guilty of a misdemeanor of the third degree if he, being a parent, willfully neglects or refuses to contribute reasonably to the support and maintenance of a child born out of a lawful wedlock, whether within or without this Commonwealth."

where it was called to trial on March 17, 1976. Before the selection of a jury, the taking of any testimony or the swearing of any witnesses, appellee presented an application for pre-trial relief. Therein, he alleged that he had been brought to trial on the same charge before, that the prior charge had been dismissed with prejudice, and that therefore a second prosecution would be violative of his constitutional right not to be put twice in jeopardy for the same offense.

The trial court held an immediate hearing on this application and found in favor of appellee. It is from that disposition that the instant appeal is taken.

■ Appellee cites *Riddle Appeal,* 227 Pa.Super. 68, 323 A.2d 115 (1974), for the proposition that double jeopardy[2] principles apply to prosecutions under 18 Pa.C.S. § 4323. We are in agreement. In *Riddle Appeal, supra,* it was held that the principle of double jeopardy barred retrial of a defendant under § 732[3] of The Penal Code, the provision which was replaced by 18 Pa.C.S. § 4323. The court stated that "[t]he double jeopardy clause acts to bar further prosecution of a defendant who has once been brought to trial on a charge carrying the possibility of criminal punishment." *Id.* 227 Pa.Super. at 71, 323 A.2d at 117. 18 Pa.C.S. § 4323 makes neglect to support an illegitimate offspring a misdemeanor of the third degree. An offense in this category is punishable by a fine not exceeding $2,500[4] and imprisonment up to one year.[5] Thus, although the purpose of the statute is primarily remedial, *Riddle Appeal, supra,* the possible imposition of criminal sanctions dictates the application of double jeopardy safeguards. Our accession to appellee's view on this issue is not, however, dispositive of the appeal.

**2.** U.S.Const. amend. V; Pa.Const. art. 1, § 10.

**3.** Act of June 24, 1939, P.L. 872, § 732 (18 P.S. § 4732), *repealed,* Act of December 6, 1972, P.L. 1482, No. 334, § 5.

**4.** 18 Pa.C.S. § 1101(a)(5).

**5.** 18 Pa.C.S. § 1104(3).

458

█ Appellee contends that the instant case is controlled by § 109 [6] of the Crimes Code, which states, *inter alia,* that: "When a prosecution is for a violation of the same provision of the statutes and is based upon the same facts as a former prosecution, it is barred by such former prosecution under the following circumstances:

.    .    .    .    .

(2) The former prosecution was terminated, after the indictment had been found, by a final order or judgment for the defendant, which has not been set aside, reversed, or vacated and which necessarily required a determination inconsistent with a fact or a legal proposition that must be established for conviction of the offense."

Appellee argues that: (1) the second complaint filed against him under § 4323 was based on the same facts as the first; (2) the order of the trial court dismissing the first prosecution with prejudice was a "final order" under § 109, *supra;* and (3) the trial court's finding that the first prosecution was barred for violation of Pa.R.Crim.P. 1100 was "a determination inconsistent with a fact or legal proposition which must be established for conviction of the offense."

We need not reach appellee's second and third propositions. Here, the second prosecution for neglect to support a bastard was not based on the same facts as the first. Support was sought for a different time period, dating from the dismissal of the original complaint.[7] Appellee asserts that allowing a second prosecution to be maintained against him under these circumstances would frustrate the purposes of Pa.R.Crim.P. 1100. It is alleged that this would enable the Commonwealth to avoid the consequences of failing to bring a defendant to trial within the mandated period by merely instituting another proceeding on the same charge. This argument might have merit in a situation where two

6. 18 Pa.C.S. § 109.

7. The instant case is thus distinguished from *Riddle Appeal, supra,* where the defendant was retried on the same complaint, obviously covering the same time period.

prosecutions are based on the same facts, but, as we have noted, it is not applicable herein.

Appellee's position is untenable in another respect. He was never in jeopardy, in the constitutional sense, under the first complaint.

"As an aid to the decision of cases in which the prohibition of the Double Jeopardy Clause has been invoked, the courts have found it useful to define a point in criminal proceedings at which the constitutional purposes and policies are implicated by resort to the concept of 'attachment of jeopardy.' (citation omitted). In the case of a jury trial, jeopardy attaches when a jury is empaneled and sworn. *Downum v. United States,* 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963); *Illinois v. Somerville,* 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973). In a non-jury trial, jeopardy attaches when the court begins to hear evidence. *McCarthy v. Zerbst,* 85 F.2d 640, 642 (CA 10 1936). *See Wade v. Hunter,* 336 U.S. 684, 688, 69 S.Ct. 834, 93 L.Ed. 974 (1949)." *Serfass v. United States,* 420 U.S. 377, 388, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265, 274 (1975). *See also Commonwealth v. Almeida,* 362 Pa. 596, 68 A.2d 595 (1949); *Commonwealth v. Curry,* 287 Pa. 553, 135 A. 316 (1926).

At trial on the original complaint, appellee's motion to dismiss the charges was granted prior to the selection of a jury. Even if the second complaint lodged against appellee had been based on the same facts as the first, he would have had no *constitutional* double jeopardy claim, as jeopardy never attached in the first prosecution.

The order of the lower court is reversed and appellant's complaint is reinstated.

HOFFMAN, J., concurs in this result.

SPAETH, J., files a dissenting opinion.

SPAETH, Judge, dissenting:

An essential element of the offense is that appellee is "a parent . . . of [relator's] child born out of lawful

460

wedlock." 18 Pa.C.S. § 4323(a). The order dismissing the first prosecution with prejudice precluded the Commonwealth from ever trying to prove again that appellee was a parent of relator's child; if the order did not have this result it was not with prejudice. Consequently, a second prosecution could not succeed. When it was nevertheless brought, the lower court correctly, in my opinion, dismissed it.

I would affirm.