533 A.2d 116

COMMONWEALTH of Pennsylvania, Appellee,

v.

Victor M. RAMIREZ, Appellant.

COMMONWEALTH of Pennsylvania, Appellee,

v.

Jose VALENTIN, Appellant.

Superior Court of Pennsylvania.

Argued June 9, 1987.

Filed Sept. 29, 1987.

Reargument Denied Nov. 23, 1987.

John R. Gailey, Jr., York, for appellants.

Mark Bellavia, Assistant District Attorney, York, for Com., appellee.

Before CIRILLO, President Judge, and OLSZEWSKI and HESTER, JJ.

OLSZEWSKI, Judge:

This is a consolidated appeal from the judgments of sentence entered after appellant-Valentin pleaded guilty to delivery of a controlled substance (No. 669 Harrisburg 1985) and after appellant-Ramirez pleaded guilty to delivery

of a controlled substance and possession of a controlled substance (No. 670 Harrisburg 1985). In this appeal, we must decide whether the sentences imposed by the trial court were barred either by Section 111 of the Crimes Code or on the constitutional ground of double jeopardy.[1] For the reasons stated below, we affirm the judgments of sentence.

Appellants were charged in February of 1985, in York County, with several drug-related offenses. In May of 1985, appellants were indicted by a federal grand jury on drug-related offenses arising out of the same occurrence of events. On June 13, 1985, appellants pleaded guilty to most of the Commonwealth charges. Appellant–Valentin pleaded guilty to delivery of a controlled substance, and appellant-Ramirez pleaded guilty to delivery of a controlled substance and possession of a controlled substance. Subsequently, on August 6, 1985, appellants appeared before the United States District Court for the Middle District of Pennsylvania. Appellant–Valentin entered a plea of guilty to conspiracy and received a sentence of eight years' imprisonment. Appellant–Ramirez entered a plea of guilty to possession with intent to distribute and was sentenced to five years' imprisonment. On August 23, 1985, appellants appeared before the Court of Common Pleas of York County and were sentenced. Appellant–Valentin was sentenced to four to eight years' imprisonment, and appellant-Ramirez was sentenced to five to ten years' imprisonment on the charge of delivery of a controlled substance and was sentenced to twelve months' probation on the charge of possession of a controlled substance.

---

1. In addition, appellants argue that the trial court erred by imposing sentences outside of the sentencing guidelines. We do not reach the merits of this contention since appellants are challenging a discretionary aspect of their sentences.

Appellants pleaded guilty before the court of common pleas. A plea of guilty constitutes a waiver of all defects and defenses except those concerning the jurisdiction of the court, legality of the sentence, and validity of the plea. *Commonwealth v. Moyer,* 497 Pa. 643, 444 A.2d 101 (1982).

Timely motions to modify sentence and to withdraw guilty plea were filed and denied by the trial court. Appellants thereafter filed notices of appeal to this Court.

Appellants contend that the sentences imposed by the trial court were barred either by Section 111 of the Crimes Code (18 Pa.C.S.A. § 111) or on the constitutional ground of double jeopardy.[2] Specifically, appellants argue that the trial court was barred from imposing their sentences since appellants had been convicted and sentenced previously in federal court for offenses based upon the same conduct. In this appeal, appellants request that we vacate their sentences and discharge them from imprisonment. We refuse to do so.

Our analysis of this appeal must begin with a determination of whether Section 111 is applicable since we need only consider the double jeopardy argument if it is determined that Section 111 does not allow the requested relief. *See Commonwealth v. Hude*, 500 Pa. 482, 458 A.2d 177 (1983); *Commonwealth v. Abbott*, 319 Pa.Super. 479, 466 A.2d 644 (1983). Section 111 provides as follows:

### § 111. When prosecution barred by former prosecution in another jurisdiction

When conduct constitutes an offense within the concurrent jurisdiction of this Commonwealth and of the United States or another state, *a prosecution in any such other jurisdiction is a bar to a subsequent prosecution in this Commonwealth* under the following circumstances:

(1) The first prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is based on the same conduct unless:

(i) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is

---

**2.** Appellants' contention that their sentences were barred either by Section 111 of the Crimes Code or on the constitutional ground of double jeopardy, is a challenge to the legality of the sentences. Accordingly, this issue is properly before us for review.

subsequently prosecuted each requires proof of fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil;  or

(ii) the second offense was not consummated when the former trial began.

(2) The former prosecution was terminated, after the indictment was found, by an acquittal or by a final order or judgment for the defendant which has not been set aside, reversed or vacated and which acquittal, final order or judgment necessarily required a determination inconsistent with a fact which must be established for conviction of the offense of which the defendant is subsequently prosecuted.

18 Pa.C.S.A. § 111 (emphasis added).  We, however, find that Section 111 is not applicable to the instant case.

■ Section 111 only applies to a "subsequent prosecution in this Commonwealth."  A "prosecution" has been defined as "a proceeding instituted ... for the purpose of determining the guilt or innocence of a person charged with crime." Black's Law Dictionary at 1099 (5th ed. 1981).  While the terms "former prosecution" and "subsequent prosecution" have not been interpreted under Section 111, these terms have been interpreted in the context of 18 Pa.C.S.A. § 110. Sections 109–112 of the Crimes Code, 18 Pa.C.S.A. §§ 109– 112, bar prosecutions in various circumstances.[3]  In the context of Section 110, our Supreme Court stated in *Commonwealth v. Beatty*, 500 Pa. 284, 455 A.2d 1194 (1983)

**3.**  In *Commonwealth v. Allen*, 506 Pa. 500, 486 A.2d 363 (1984), our Supreme Court explained:

Section 109 addresses prosecutions barred by a former prosecution for the same offense;  Section 110 sets forth conditions when a prosecution is barred by a former prosecution for a different offense;  Section 111 describes the situation when a prosecution would be barred by a former prosecution in a foreign jurisdiction; and Section 112 provides qualifications on Sections 109–111 where the former prosecution was before a court lacking personal or subject matter jurisdiction, was procured fraudulently by the defendant, or where the proceeding which produced the conviction was ultimately held invalid.

*Id.*, 506 Pa. at 506 n. 6, 486 A.2d at 366 n. 6.

that the terms "former prosecution" and "subsequent prosecution" did not depend on the time the particular offenses were filed. Rather, the Court declared that the terms were "intended to refer to the *completed* prosecution and the *pending* prosecution ..." *Id.*, 500 Pa. at 289, 455 A.2d at 1197 (emphasis in original). In light of the Statutory Construction Act's mandate to interpret legislative enactments to acknowledge the clear and obvious meaning of the language, we conclude that the Supreme Court's interpretation of the terms "former prosecution" and "subsequent prosecution" in *Beatty* should apply also to Section 111. In both Section 110 and Section 111, our legislature explicitly stated that a former prosecution bars a subsequent prosecution when: "the former [first] prosecution resulted in an acquittal or in a conviction ..." 18 Pa.C.S.A. §§ 110(1), 111(1). A prosecution against a defendant, consequently, is not completed, and therefore cannot be a "former prosecution," until a defendant is acquitted or convicted.

■ In the instant case, the Commonwealth's prosecution of appellants was completed on June 13, 1985 when the trial court accepted appellants' pleas of guilty. *See* 18 Pa.C.S.A. § 109(3) (plea of guilty accepted by the court constitutes a conviction); *Commonwealth v. Hoburn*, 335 Pa.Super. 536, 485 A.2d 24 (1984) (because appellants entered pleas of guilty, a subsequent "pending prosecution" would be barred under § 110). On the date that the Commonwealth's prosecution was completed, the federal prosecution was merely "pending" since the federal prosecution was commenced in May of 1985, but not completed until August 6, 1985 when appellants pleaded guilty. Accordingly, the subsequent prosecution occurred not in state court, but rather, in federal court. Since Section 111 only applies to a "subsequent prosecution in this Commonwealth," we find that Section 111 is inapplicable in the instant case.

■ Appellants next argue that their sentences in state court were barred under the principle of double jeopardy since they were previously sentenced in federal court for the same crime. In *Commonwealth v. Mills*, 447 Pa. 163,

286 A.2d 638 (1971), our Supreme Court enunciated the judicial consideration involved in making the federal-state "dual sovereignty" doctrine compatible with the "double jeopardy" clause. The Court stated:

When one examines the "dual sovereignty" doctrine as it applies to the double jeopardy clause, we are really involved in a balancing process, whereby we place the interests of the two sovereigns on one side of the judicial scale, and on the other side we place the interest of the individual to be free from twice being prosecuted and punished for the same offense.

*Id.*, 447 Pa. at 169, 286 A.2d at 640–641 (emphasis added). The Court further ruled in *Mills* that:

... henceforth in Pennsylvania, *a second prosecution and imposition of punishment for the same offense will not be permitted* unless it appears from the record that the interests of the Commonwealth of Pennsylvania and the jurisdiction which initially prosecuted and imposed punishment are substantially different. In other words, if it appears that the interests of this Commonwealth were not sufficiently protected in the initial prosecution, then a second prosecution and imposition of additional punishment in Pennsylvania will be allowed.

*Id.*, 447 Pa. at 171, 286 A.2d at 642 (emphasis added).

This Court acknowledges that it was the federal court which first imposed sentence on appellants. Our Supreme Court in *Mills* barred a "second prosecution *and* imposition of sentence." 447 Pa. at 171, 286 A.2d at 642 (emphasis added). The instant case is distinguishable from *Mills*, however, since the Commonwealth's proceedings against appellants were not the "second prosecution." *See* our discussion *supra.*

Moreover, it is well-established that a defendant has a right to be free from twice being put in jeopardy for the "same offense." *Commonwealth v. Grazier*, 481 Pa. 622, 393 A.2d 335 (1978). In the present case, appellants pleaded guilty to, and subsequently were sentenced for, different offenses in state and federal court. In state court, appel-

lant-Valentin was sentenced for delivery of a controlled substance (35 Pa.S.A. § 780–113(a)(1)) whereas the federal court sentenced appellant-Valentin for conspiracy involving drug-related activities (21 U.S.C.A. § 846). Appellant–Ramirez was sentenced in state court for delivery of a controlled substance (35 Pa.S.A. § 780–113(a)(1)),[4] and for possession of a controlled substance in federal court (21 U.S.C.A. § 841(a)(1)). The offenses appellants were sentenced for in federal court were separate and distinct from the offenses appellants subsequently were sentenced for in state court. We, consequently, find that appellants' sentences in state court were not barred under the double jeopardy clause since appellants were not sentenced twice for the "same offense."

Judgments of sentence affirmed.

---

4. In state court, appellant-Ramirez also pleaded guilty to, and subsequently was sentenced for, possession of a controlled substance. Appellant's notice of appeal and other relevant documents before this Court, however, fail to indicate that appellant appealed from the term of probation which was imposed upon him by the trial court for possession of a controlled substance (trial court docket No. 501 CA 1985). The only trial court docket number which appears on the relevant documents before this Court is No. 183 CA 1985 (delivery of a controlled substance).