570 A.2d 559

**COMMONWEALTH of Pennsylvania**

v.

**Gary T. SMITH, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 15, 1989.

Filed Feb. 22, 1990.

Michael P. Marryshow, Asst. Public Defender, Strouds-burg, for appellant.

David W. Skutnik, Asst. Dist. Atty., Effort, for Com., appellee.

Before WIEAND, BECK and MONTGOMERY, JJ.

BECK, Judge:

The instant appeal raises the issue of the applicability of 18 Pa.Cons.Stat.Ann. § 110 (Purdon 1983) which sets forth the circumstances under which a prosecution is barred by a former prosecution for a different offense. Since we conclude that section 110 which embodies constitutional double jeopardy principles has no application to this case, we affirm the judgment of sentence.

Appellant Gary Smith sold approximately one pound of marijuana to a state police informant and two state troopers on March 9, 1987. This purchase of drugs, along with other information gathered in the investigation, formed the basis for a search warrant application for appellant's home. The warrant was obtained and executed on March 10, 1987 and resulted in the seizure of cocaine and marijuana. Smith was then arrested and charged with possession and possession with intent to deliver[1] based on the seizure of drugs from his home on March 10. Prior to trial on these charges, Smith successfully challenged the admissibility of the evidence seized pursuant to the search warrant. As a consequence, the Commonwealth dropped the charges against him. Thereafter, Smith was arrested and charged in the instant case based on the "controlled buy" of marijuana which occurred on March 9. He was tried and convicted by the court sitting without a jury and sentenced to a term of imprisonment from which he now appeals.

On appeal Smith asserts that his prosecution for the March 9 offense is barred by the "former prosecution" of

1. 35 Pa.Cons.Stat.Ann. § 780–113(a)(16) (Purdon Supp.1989) and 35 Pa.Cons.Stat.Ann. § 780–113(a)(30) (Purdon Supp.1989).

the March 10 charges. For the reasons which follow, we find Smith's claim of error meritless.

Section 110 of the Crimes Code, along with companion enactments which embody settled principles of double jeopardy, provides:

> § 110. When prosecution barred by former prosecution for different offense

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

> (1) *The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title* (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:
>
> (i) any offense of which the defendant could have been convicted on the first prosecution;
>
> (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense
>
> . . .

18 Pa.Cons.Stat.Ann. § 110 (Purdon 1983) (emphasis added).

Section 109, which is referred to above, defines "acquittal" as follows: "There is an acquittal if the prosecution resulted in a finding of not guilty by the trier of fact or in a determination that there was insufficient evidence to warrant a conviction." 18 Pa.Cons.Stat.Ann. § 109(1) (Purdon 1983).

All parties in this case, including the trial court, have assumed the applicability of Section 110(1)(ii) and have focused their discussion solely on the issue of whether the "subsequent prosecution" was for an offense which arose from the same criminal episode as that of the "former

prosecution". In so doing, the parties have misdirected the inquiry and failed to address the issue which in our view is dispositive of this appeal.[2]

By the very terms of section 110(1) of the statute a "former prosecution" bars a subsequent prosecution only when the former prosecution resulted in an acquittal or a conviction.[3] Section 110(1) provides the threshold requirement and unless it is satisfied, section 110 is inapplicable regardless of the nature of the underlying criminal offenses. Here the trial court granted Smith's motion to suppress evidence and as a result the Commonwealth chose not to prosecute. This disposition did not result in an "acquittal" nor indeed did it represent any factual determination relating to the guilt or innocence of the accused or relating to the sufficiency of the evidence against him. Plainly, this case falls outside the reach of section 110 by failing to meet the threshold statutory requirements.

2. It is well-settled that an appellate court may affirm the decision of the trial court if there is any basis on the record to support the trial court's action. This is so even if we rely upon a wholly different rationale from that which the trial court advanced in explaining its conclusion. *See, e.g. Commonwealth v. Pacell,* 345 Pa.Super. 203, 497 A.2d 1375, 1377 n. 1 (1985); *Commonwealth v. Guimento,* 341 Pa.Super. 95, 491 A.2d 166 (1985). Here the trial court concluded that "[a]n order of Court suppressing evidence necessary to establish a conviction clearly qualifies as an 'acquittal' under [§ 110]". While we hold that this statement is erroneous, the ultimate decision of the trial court, i.e. that the subsequent prosecution is not barred, is correct and it is that judgment which we affirm.

3. In *Commonwealth v. Ramirez,* 367 Pa.Super. 477, 533 A.2d 116 (1987), this court interpreted the reach of Section 111 of the Crimes Code which applies to prosecutions that are barred by former prosecutions in another jurisdiction. In this context we emphasized that "[a] 'prosecution' has been defined as 'a proceeding instituted ... for the purpose of determining the guilt or innocence of a person charged with crime.'" *Id.* 533 A.2d at 118 (citation omitted). Furthermore, we noted that:

"In both Section 110 and Section 111, our legislature explicitly stated that a former prosecution bars a subsequent prosecution when: 'the former [first] prosecution resulted in an acquittal or in a conviction ...' (citation omitted). *A prosecution against a defendant, consequently, is not completed, and therefore cannot be a 'former prosecution,' until a defendant is acquitted or convicted."* *Id.* at 119.

While our research has revealed no case in the precise procedural posture as the instant one, language and reasoning from numerous cases support this result. For instance, this court has resolved the issue in the context of whether the Commonwealth is barred from prosecuting a defendant on a charge allegedly arising from the same criminal episode as a prior charge which was dismissed at a preliminary hearing for failure to establish a prima facie case. Relying on the indisputable notion that preliminary proceedings are "not in fact trials" and do not decide the guilt or innocence of the defendant, we have concluded that dismissal of charges at a preliminary hearing will not bar subsequent prosecutions stemming from the same criminal transaction.[4] Thus in *Commonwealth v. Smith*, 232 Pa.Super. 546, 334 A.2d 741 (1975), charges of receiving stolen property had been dismissed after a preliminary hearing. Subsequently, the Commonwealth filed different charges against the defendants, accusing them of being accessories after the fact. Both sets of charges arose from the theft of the same vehicle. Appellants in *Smith* argued that both the principles of double jeopardy and the rationale of *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432, *vacated on other grounds*, 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), *on remand*, 455 Pa. 622, 314 A.2d 854 *cert. denied*, 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974) prevented the Commonwealth from bringing the charge of accessory after the fact.[5] In an unanimous en banc decision this

4. "A finding by a committing magistrate that the Commonwealth has failed to establish a prima facie case is not a final determination, such as an acquittal...." *Commonwealth v. Cartagena*, 482 Pa. 6, 14, 393 A.2d 350, 354 (1978). *See also Greco v. Commonwealth, Pennsylvania Board of Probation and Parole*, 99 Pa.Cmwlth. 107, 513 A.2d 493, 495 (1986) (preliminary hearing is not a proceeding at which "the guilt or innocence of an accused has been fully litigated and finally determined".)

5. Prior to the effective date of Section 110 of the Crimes Code, the prohibition against separate, successive trials of charges arising from the same criminal transaction was established by case law in what has become known as the *Campana* doctrine. *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432 (1973). In a second Campana case known as *Commonwealth v. Campana II*, 455 Pa. 622, 314 A.2d 854 (1974) decided after the effective date of Section 110, the Supreme

court rejected the argument. The decision was based on the well-settled, but apparently oft-overlooked, principle that unless the defendant has been subjected to a *trial* before a trier of facts, considerations which might bar *retrial* do not come into play.

Since *Smith,* this principle has been consistently upheld whenever a defendant has sought to avoid prosecution on the basis of a previous disposition which did not subject defendant to the risk of a trial on the merits. *See Commonwealth v. Flanders,* 247 Pa.Super. 41, 371 A.2d 1316 (1977) (plea of former jeopardy cannot be predicated on the action of an issuing authority at a preliminary hearing); *Commonwealth v. Davis,* 247 Pa.Super. 450, 372 A.2d 912 (1977) (Commonwealth not barred from prosecuting defendant on charge of neglect to support an illegitimate child even though charges arose from the same criminal episode as prior fornication and bastardy charges which had been dismissed at preliminary hearing). *Accord, Commonwealth v. Hetherington,* 460 Pa. 17, 331 A.2d 205 (1975); *Commonwealth v. Garris,* 247 Pa.Super. 455, 372 A.2d 914 (1977); *Commonwealth ex rel. Dimpter v. Kapp,* 266 Pa. Super. 429, 405 A.2d 509 (1979) (18 Pa.C.S.A. § 109 not applicable where former prosecution did not result in acquittal but rather the prior complaint was dismissed on wholly legal grounds).

We emphasize that our holding that section 110 has no applicability to the facts before us is not a technical or mechanical reading of the statute in question. We interpret the statute recognizing that it represents a codification of time-honored double jeopardy principles. The statutory requirement that appellant first demonstrate that he has been

Court explained that the case law as established by *Campana I* was "in harmony with section 110 of our Crimes Code". In addition, the Supreme Court has noted that both the *Campana* doctrine and the provisions of section 110 serve to protect the same underlying double jeopardy considerations and that "[a]ny treatment of an alleged *Campana* rule violation as a separate and distinct claim from an asserted section 110 violation is misleading." *Commonwealth v. Hude,* 500 Pa. 482, 488, 458 A.2d 177, 180 (1983). *See also Commonwealth v. Dozier,* 333 Pa.Super. 188, 192 n. 1, 482 A.2d 236, 238 n. 1 (1984).

subjected to the risk of a trial on the merits is at the very heart of double jeopardy jurisprudence. The United States Supreme Court repeatedly has noted that the "constitutional prohibition against 'double jeopardy' was designed to protect an individual from being subjected to *the hazards of trial and possible conviction* more than once for an alleged offense.... [because] the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense....". *Green v. United States*, 355 U.S. 184, 187–88, 78 S.Ct. 221, 223–24, 2 L.Ed.2d 199 (1957) (emphasis added).

In order to "attempt to impart content to an abstraction" [6], the Court has found it necessary to define the point at which jeopardy attaches. The United States Supreme Court and the courts of this Commonwealth have consistently held that "jeopardy does not attach, and the constitutional prohibition can have no application, until a defendant is 'put to trial before the trier of facts, whether the trier be a jury or a judge.'" *Serfass v. United States*, 420 U.S. 377, 388, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265 (1975), quoting *United States v. Jorn*, 400 U.S. 470, 479, 91 S.Ct. 547, 554, 27 L.Ed.2d 543 (1971).[7] Thus, in *Serfass*, the Supreme Court held that when a criminal prosecution is terminated prior to trial, such as where the trial court had granted the defendant's motion to dismiss the indictment, the accused cannot claim a double jeopardy violation. The Court stated that "[w]ithout risk of a determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy." *Id.* at 391–2, 95 S.Ct. at

6. *Serfass v. United States*, 420 U.S. 377, 391, 95 S.Ct. 1055, 1064, 43 L.Ed.2d 265 (1975).

7. For cases in this Commonwealth which discuss the attachment of jeopardy *see, e.g., Commonwealth v. Terry*, 513 Pa. 381, 521 A.2d 398, *cert. denied, Terry v. Pennsylvania*, 482 U.S. 920, 107 S.Ct. 3198, 96 L.Ed.2d 685 (1987); *Commonwealth v. Smith*, 232 Pa.Super. 546, 334 A.2d 741 (1975); *Commonwealth v. Kern*, 294 Pa.Super. 151, 439 A.2d 795 (1982). Recently, the Pennsylvania Supreme Court emphasized: "It is only when the accused must stand before the tribunal where his guilt or innocence hangs in the balance that double jeopardy concerns are appropriate." *Liciaga v. Court of Common Pleas of Lehigh County*, 523 Pa. 258, 265–266, 566 A.2d 246, 249 (1989).

1064–5. As the Court succinctly noted, it is "fundamental" that "an accused must suffer jeopardy before he can suffer double jeopardy". *Id.* at 393, 95 S.Ct. at 1065.

■ With these principles in mind, it is plain that appellant in the instant case was never in jeopardy in the original prosecution on the March 10 charges. The evidence against him was suppressed due to a technical, wholly legal violation of search warrant requirements [8] and thereafter, due to the loss of this evidence, the prosecution was dismissed. Appellant was not, nor has he ever been, "put to trial" on the question of his guilt or innocence of those charges. The Commonwealth did not have a first "bite at the apple" much less a second. *See Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). Under these circumstances, appellant cannot contend that the subsequent prosecution is barred. Since appellant was never subjected to the risk of conviction, there simply was no former prosecution to trigger the application of section 110 or the double jeopardy policies which underlie it.

Judgment of sentence affirmed.

WIEAND, J., files a concurring statement.

WIEAND, Judge, concurring:

I concur in the majority's determination that a Commonwealth nol pros of criminal charges is not an acquittal of the defendant on such charges. See: *Commonwealth v. McLaughlin*, 293 Pa. 218, 142 A. 213 (1928). For purposes of applying the provisions of 18 Pa.C.S. § 110, I would agree also with the trial court that the sale of marijuana on March 9, 1987 and the possession of cocaine and marijuana discovered upon execution of a search warrant for appellant's residence on March 10, 1987 were not part of the same criminal episode.

8. The record reveals that the motion to suppress was granted because of an apparent violation of the "knock and announce" rule surrounding the execution of search warrants.