674 A.2d 306

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Cynthia HUNTER.**

Superior Court of Pennsylvania.

Argued Jan. 25, 1996.

Filed April 4, 1996.

Reargument Denied June 6, 1996.

Stephen G. Downs, Jr., Assistant District Attorney, Towanda, for Commonwealth, appellant.

Gerald A. Kinchy, Sayre, for appellee.

Before McEWEN, President Judge, and SAYLOR and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the December 29, 1994 order dismissing criminal charges against appellee, Cynthia Hunter.

Appellant, the Commonwealth of Pennsylvania, raises the following issue for our review:

WHETHER DOUBLE JEOPARDY BARS REPROSECUTION FOLLOWING A PRETRIAL DISMISSAL OF CHARGES BASED UPON THE INSUFFICIENCY OF THE COMMONWEALTH'S EVIDENCE.

Appellant's Brief at 3. For the following reasons, we reverse.

Appellee was charged with a variety of theft offenses in the Court of Common Pleas in Bradford County arising from the alleged theft of approximately twenty thousand ($20,000) dollars from her employer. At a pre-trial conference on May 3, 1994, appellee's defense counsel raised the issue of whether the Commonwealth's evidence was sufficient to submit to a jury. Both counsel agreed that a trial would take several days and involve complicated evidence. Therefore, in the interest of judicial economy, the court ordered defense counsel to present the issue of the sufficiency of the Commonwealth's evidence in the form of a motion.

In this subsequent motion to dismiss, defense counsel argued that the Commonwealth's case would not survive a demurrer brought at the close of its evidence and requested the court to determine whether the evidence that would be presented at trial by the Commonwealth was sufficient to submit to a jury. For purposes of the motion, the Commonwealth agreed that its trial evidence would be the same as the evidence it offered at the preliminary hearing. In addition, the parties stipulated that the trial court would rule on the evidence as if the Commonwealth had introduced its evidence at trial and the case was ready to be submitted to the jury. Thereafter, the trial court examined the evidence from the preliminary hearing, ruled that it was insufficient to support a conviction, and dismissed the charges against appellee.

The Commonwealth never appealed the dismissal of the charges, but subsequently refiled the same charges against appellee. Appellee responded by filing both a motion to stay the proceedings and a motion to quash. In return, the trial court issued an *ex parte* stay of further proceedings and

issued a rule to show cause why the motion to dismiss should not be granted upon the Commonwealth. The Commonwealth filed an answer to the rule returnable, asserting that it had additional evidence to present in support of the criminal charges and that jeopardy never attached to appellee. After hearing argument, the trial court granted the motion to quash the criminal proceeding and dismissed the refiled charges, holding that the initial dismissal was the "functional equivalent" of an acquittal because the court treated the pre-trial motion to dismiss as a demurrer entered after the presentation of the Commonwealth's evidence at trial and found the evidence insufficient to support a conviction. Consequently, the court found that any further prosecution of appellee on the same charges would violate the prohibition against double jeopardy. This timely appeal followed.

The Commonwealth contends that the trial court erred in ruling that double jeopardy precluded appellee's reprosecution on the same charges.

The United States Supreme Court has stated that "[t]he constitutional prohibition against double jeopardy was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for the same offense." *Green v. United States,* 355 U.S. 184, 187–88, 78 S.Ct. 221, 223–24, 2 L.Ed.2d 199, 204 (1957). Accordingly, this Court has determined that at the heart of double jeopardy jurisprudence is the requirement that an individual demonstrate that he or she has been subjected to the risk of a trial on the merits. *Commonwealth v. Smith,* 391 Pa.Super. 154, 159–60, 570 A.2d 559, 562 (1990). In Pennsylvania, jeopardy does not attach and the constitutional prohibition against double jeopardy has no application until a defendant stands before a tribunal where guilt or innocence will be determined. *Liciaga v. Court of Common Pleas,* 523 Pa. 258, 264, 566 A.2d 246, 249 (1988).

In the present case, notwithstanding the trial court's characterization of appellee's motion to dismiss as a demurrer, appellee was never in jeopardy in this case because she was

never subjected to the risk of being convicted. If the trial court had denied appellee's motion to dismiss, the Commonwealth would still have had to proceed to a trial on the merits in order to secure a conviction against appellee. Since appellee was never in jeopardy of being convicted, the double jeopardy clause was not triggered in this case. *See Smith*, 391 Pa.Super. 154, 159–60, 570 A.2d at 562 (it is " 'fundamental' " that " 'an accused must suffer jeopardy before he can suffer double jeopardy,' " and " '[w]ithout risk of a determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy.' ") (quoting *Serfass v. United States*, 420 U.S. 377, 391–93, 95 S.Ct. 1055, 1064–65, 43 L.Ed.2d 265, 276 (1975)). Therefore, we find that the trial court erred in ruling that the Commonwealth was precluded from refiling the charges against appellee on double jeopardy grounds.

Accordingly, the lower court order dismissing the charges against appellee is reversed.

Reversed and remanded. Jurisdiction relinquished.

McEWEN, President Judge, dissents.