J-S45002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SCOTT CHARLES DAVIS, | : | |
| | : | |
| Appellant | : | No. 76 MDA 2018 |

Appeal from the Judgment of Sentence December 7, 2017
in the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-MD-1000728-1980

BEFORE: OTT, J., MUSMANNO, J., and PLATT*, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED DECEMBER 26, 2018**

Scott Charles Davis ("Davis") appeals from the judgment of sentence imposed after he was resentenced pursuant to **Miller v. Alabama**, 567 U.S. 460 (2012), and **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016).[1, 2] We affirm in part, vacate in part, and remand with instructions.

In 1980, Davis, who was 15 years old, shot and killed Roderick Kotchin. On May 7, 1981, following a jury trial, Davis was convicted of murder in the

---

[1] The Supreme Court in **Miller** held that sentencing schemes that mandate life in prison without parole ("LWOP") sentences for defendants who committed their crimes while under the age of eighteen violate the Eighth Amendment's prohibition on "cruel and unusual punishments." **Miller**, 567 U.S. at 465.

[2] The Supreme Court in **Montgomery** held that the **Miller** decision announced a new substantive rule of constitutional law that applies retroactively. **Montgomery**, 136 S. Ct. at 736.

---

* Retired Senior Judge assigned to the Superior Court.

first degree.[3]  The trial court sentenced Davis to a mandatory term of LWOP, and ordered Davis to pay the costs of prosecution.[4]  This Court and the Pennsylvania Supreme Court affirmed the judgment of sentence.  *See Commonwealth v. Davis*, 479 A.2d 1041 (Pa. Super. 1984), *aff'd*, 510 A.2d 722 (Pa. 1986).

Following a procedural history not relevant to this appeal, the United States District Court for the Middle District of Pennsylvania granted Davis's Petition for Writ of *Habeas Corpus* based upon *Miller* and *Montgomery*.  *See Davis v. Wetzel*, No. 3:13-CV-1687 (M.D. Pa. 2016) (unpublished memorandum).  The federal district court ordered the York County Court of Common Pleas to resentence Davis.  After a hearing, the trial court resentenced Davis to 40 years to life in prison, and ordered Davis to pay the costs of prosecution.[5]  Davis filed Post-Sentence Motions, which the trial court denied.  Davis filed a timely Notice of Appeal and a Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

On appeal, Davis raises the following questions for our review:

> 1. Did the resentencing court commit an error of law and abuse its discretion by ignoring the mandate of the Pennsylvania Supreme Court in *Commonwealth v. Batts*, 163 A.3d 410 (Pa.

---

[3] *See* 18 Pa.C.S.A. § 2502(a).

[4] The costs assessed against Davis at that time totaled $1,248.78.  *See* Court Commitment, 6/15/82, at 1 (pages unnumbered).

[5] The costs assessed against Davis relative to resentencing were $20,674.73, and included charges for "transport costs," "transcript fees," and "witness fees."  *See* Trial Court Docket, 11/14/18, at 20.

2017)[("***Batts II***"),] which held that [Davis] should have been re-sentenced to 35 years to life [in prison]?

2. Did the resentencing court commit an error of law and abuse its discretion when it imposed costs [on Davis]?

3. Did the resentencing court commit an error of law and abuse its discretion by not ordering the Commonwealth to compensate [Davis] for his costs and attorneys' fees?

Brief for Appellant at 2.

In his first claim, Davis alleges that the trial court's sentence of 40 years to life in prison is an illegal sentence.[6] ***See id.*** at 8-21. Davis argues that there is no statutory authority for the trial court's sentence. ***Id.*** at 8-9. Davis claims that 18 Pa.C.S.A. § 1102.1 requires the trial court to sentence him to a 35-year minimum sentence. ***Id.*** at 9-21. According to Davis, 18 Pa.C.S.A. § 1102.1(e) does not apply to him, because he committed his crime prior to the Supreme Court's holding in ***Miller***. ***Id.***

"Issues relating to the legality of a sentence are questions of law. Our standard of review over such questions is *de novo* and our scope of review is plenary." ***Commonwealth v. Cardwell***, 105 A.3d 748, 750 (Pa. Super. 2014) (brackets and ellipses omitted).

Section 1102.1 states, in relevant part, as follows:

_____

[6] Although Davis's Statement of Questions Involved is vague as to whether his first claim challenges the legality of his sentence or the discretionary aspects of his sentence, his Reply Brief makes it clear that he is challenging the legality of his sentence. ***See*** Reply Brief of Appellant at 2-3 (stating that "[Davis] challenged the legality of his sentence, not the discretionary aspect of the sentence…."). Accordingly, we will limit our review on this claim to the legality of the sentence.

**§ 1102.1. Sentence of persons under the age of 18 for murder, murder of an unborn child and murder of a law enforcement officer**

**(a) First degree murder.--**A person who has been convicted after June 24, 2012, of a murder of the first degree, first degree murder of an unborn child or murder of a law enforcement officer of the first degree and who was under the age of 18 at the time of the commission of the offense shall be sentenced as follows:

(1) A person who at the time of the commission of the offense was 15 years of age or older shall be sentenced to a term of life imprisonment without parole, or a term of imprisonment, **the minimum of which shall be at least 35 years to life.**

∗∗∗

**(e) Minimum sentence.--Nothing under this section shall prevent the sentencing court from imposing a minimum sentence greater than that provided in this section.** …

18 Pa.C.S.A. § 1102.1 (emphasis added).

In **Batts II**, our Supreme Court set forth the guidelines for resentencing defendants whose sentences had been declared unconstitutional by **Miller**/**Montgomery**. The Court instructed, "look to the mandatory minimum sentences set forth in [S]ection 1102.1(a) for guidance in setting a minimum sentence for a juvenile convicted of first-degree murder prior to **Miller**." **Batts II**, 163 A.3d at 443 n.16. Further, the Court in **Batts II** held that the sentencing court may deviate upwards from the mandatory minimum. **See id.** at 443 (stating that "[s]ubsection (e) makes clear that [35 years in prison] is only the minimum sentence required…. In determining the minimum sentence for a juvenile convicted of first-degree murder prior to **Miller**, a

sentencing court is to exercise its discretion to find the appropriate, individualized sentence in each case, just as it would when fashioning the minimum sentence for any other defendant before it.").

Here, the trial court sentenced Davis to 40 years to life in prison.[7] Accordingly, because trial courts may exercise discretion in imposing sentences beyond the 35-year minimum provided for in Section 1102.1(a), *see Batts II*, 163 A.3d at 443, Davis's sentence is not illegal. *See* 18 Pa.C.S.A. § 1102.1(e).

In his second claim, Davis alleges that the sentencing court imposed an illegal sentence by ordering him to pay the costs of prosecution associated with his resentencing.[8] *See* Brief for Appellant at 21-34. Davis alleges that

---

[7] Although Davis did not challenge the discretionary aspects of his sentence on appeal, we briefly note that the trial court considered the testimony and reports of expert witnesses for Davis and the Commonwealth, and Davis's testimony. The trial court analyzed, in detail, each of the *Miller* "hallmark factors," *see Miller*, 567 U.S. at 477-78, and the sentencing factors set forth at 18 Pa.C.S.A. § 1102.1(d). *See* N.T., 12/7/17, at 7-23. Significantly, the trial court voiced concern with Davis's lingering psychological issues and continued danger to the community. *Id.* at 23.

[8] Although Davis phrases his second claim as whether the trial court abused its discretion, *see* Brief for Appellant at 2, a challenge to the trial court's imposition of costs presents a legality of sentencing claim. *See Commonwealth v. Garzone*, 993 A.2d 306, 316 (Pa. Super. 2010) (stating that "inasmuch as [a]ppellant's argument is premised upon a claim that the trial court did not have the authority to impose the costs at issue, [a]ppellant has presented a legality of sentencing claim."). Accordingly, we limit our review of Davis's second claim to the legality of the court's imposition of costs.

the costs imposed against him are not related to his "prosecution" under 16 P.S. § 1403.[9]  **See** Brief for Appellant at 23-27.  Further, Davis asserts that the costs should be paid by the Commonwealth because the costs were unnecessary and unreasonable.  **Id.** at 27-32.  Finally, Davis claims that the costs cannot be imposed because he is indigent.  **Id.** at 32-33.

In order to determine whether the costs imposed upon Davis fall within the purview of Section 1403, we must look to the language of the statute. This issue is one of statutory interpretation, which is a question of law and requires a *de novo* standard of review.  **See Commonwealth v. Segida**, 985 A.2d 871, 874 (Pa. 2009).  Pursuant to the Statutory Construction Act,[10] "our paramount interpretive task is to give effect to the intent of our General Assembly in enacting the particular legislation under review." **Commonwealth v. Wright**, 14 A.3d 798, 814 (Pa. 2011).  **See also** 1 Pa.C.S.A. § 1921(a) (providing that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly.  Every statute shall be construed, if possible, to give effect to all its provisions.").  "The best indication of the General Assembly's intent may be found in the plain language of the statute."  **Commonwealth v.**

---

[9] Davis also alleges that 42 Pa.C.S.A. § 9728 does not authorize the costs imposed against him.  However, because the trial court relied on 16 P.S. § 1403 in imposing costs, we limit our analysis to Section 1403.

[10] **See** 1 Pa.C.S.A. §§ 1501-1991.

*Popielarcheck*, 190 A.3d 1137, 1140 (Pa. 2018).  Consequently, "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."  1 Pa.C.S.A. § 1921(b); *see also id.* § 1922(1) (stating that "the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable.").

Section 1403 states the following:

### § 1403. Expenses incurred by district attorney

All necessary expenses incurred by the district attorney or his assistants or any office directed by him in the investigation of crime and the apprehension and prosecution of persons charged with or suspected of the commission of crime, upon approval thereof by the district attorney and the court, shall be paid by the county from the general funds of the county.  In any case where a defendant is convicted and sentenced to pay the costs of prosecution and trial, the expenses of the district attorney in connection with such prosecution shall be considered a part of the costs of the case and be paid by the defendant.

16 P.S. § 1403.

While Section 1403 does not define "prosecution" or "costs of prosecution," "[t]he term 'prosecution' [must] be read as synonymous with 'conviction.'"  *Commonwealth v. Moran*, 675 A.2d 1269, 1272 (Pa. Super. 1996); *see also id.* (stating that 16 P.S. § 1403 "explicitly permits a District Attorney to be reimbursed for expenses incurred in prosecuting cases, with the proviso that the defendant be 'convicted' and the expenses have arisen 'in connection with such prosecution.'"); *Commonwealth v. Ramirez*, 533 A.2d 116, 118-19 (Pa. Super. 1987) (holding, in the context of determining when prosecutions are barred by former prosecutions under Section 111 of the

Crimes Code, that the "prosecution" is completed when a defendant is acquitted or convicted). Further, Section 1403 makes no mention of sentencing or sentencing costs. Thus, because the purpose of imposing the costs of prosecution against the defendant is to reimburse the Commonwealth for the expenses incurred preparing a case for, and conducting, a trial, "prosecution" ends with the conviction or acquittal of the defendant. **See Commonwealth v. Coder**, 415 A.2d 406, 408 (Pa. 1980) (stating that "[t]he purpose of [Section 1403] is to recoup the costs of trial where a jury finds the defendant guilty beyond a reasonable doubt[.]").

Here, the trial court resentenced Davis, in part, to pay costs that were purportedly incurred by the Commonwealth relative to Davis's resentencing. **See** Court Commitment, 6/15/82, at 1 (unnumbered). As we have determined that, under 16 P.S. § 1403, "prosecution" ends at the time of a conviction or acquittal, the trial court imposed an illegal sentence by ordering Davis to pay the costs relative to his resentencing. Moreover, Davis's resentencing, through no fault of his own, occurred only after his sentence was deemed unconstitutional, and he should not be liable for such costs. **See generally Commonwealth v. Weaver**, 76 A.3d 562, 574 (Pa. Super. 2013); **Commonwealth v. Garzone**, 993 A.2d 306, 318-20 (Pa. Super. 2010). Accordingly, we vacate the portion of Davis's sentence that ordered him to pay the costs of prosecution, and remand for resentencing for the following reasons.

It is unclear from the record before us which costs assessed against Davis were denoted "costs of prosecution" by the trial court. *See* Trial Court Docket, 11/14/18, at 20. We therefore remand to the trial court for a determination of the origin of the costs. Any costs not considered "costs of prosecution," as defined in this Memorandum, shall not be imposed upon Davis.[11]

Judgment of sentence affirmed in part and vacated in part. Case remanded with instructions. Superior Court jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/26/2018

---

[11] We need not address Davis's remaining claims in light of our disposition.