COMMONWEALTH of Pennsylvania

v.

John OLIVER, Appellant.

Commonwealth of Pennsylvania

v.

Ralph E. Unis, Jr., Appellant.

Commonwealth Court of Pennsylvania.

Argued Feb. 1, 2005.
Decided March 14, 2005.

Court of Common Pleas of Butler County (trial court) vacating their summary convictions under the Solid Waste Management Act (Act)[1] and ordering Appellants held over for trial. In doing so, the trial court granted the Commonwealth's petition for *certiorari* review of an adjudication by a district justice.[2] Appellants contend that the trial court's action violated their constitutional right not to be placed in double jeopardy.

In 1998, the Department of Environmental Protection (DEP) investigated complaints of large fires burning at night on property owned by Oliver in Donegal Township, Butler County (Property). DEP referred the matter to the Attorney General for possible criminal prosecution based upon allegations by several witnesses that construction and demolition waste had been dumped and burned on the Property. A state-wide investigating grand jury issued a presentment recommending criminal charges against Appellants; the presentment was accepted by the Supervising Judge on September 25, 2003. Reproduced Record at 30–38 (R.R. ——).[3] As a result, the Commonwealth filed identical criminal complaints against Appellants, charging each of them with violating Sections 610(2), 610(3) and 610(6) of the Act.[4] The Commonwealth listed each

Patrick M. Livingston, Pittsburgh, for appellants.

Michael Piecuch, Deputy Attorney General, Harrisburg, for appellee.

BEFORE: COLINS, President Judge, and SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY Judge LEAVITT.

John T. Oliver and Ralph E. Unis, Jr. (Appellants) appeal from an order of the

---

1. Act of July 7, 1980, P.L. 380, *as amended,* 35 P.S. §§ 6018.101–6018.1003.

2. District justices in Pennsylvania are now referred to as "magisterial district judges." Act of November 30, 2004, P.L. 207, effective in 60 days. Because the present case was decided prior to the effective date of this act, we shall use the former designation in this opinion.

3. The presentment reported that, in May and June 1998, Oliver authorized Unis, a demolition contractor, to haul debris from Oliver's construction site in the City of Butler to the Property. Once deposited there, Timothy Switzer, Oliver's tenant on the Property,

burned the wood in exchange for cash payments, cigarettes and beer.

4. The relevant portions of the Act provide that it shall be unlawful for any person or municipality to:

* * *

(2) Construct, alter, operate or utilize a solid waste storage, treatment, processing or disposal facility without a permit from the department as required by this act or in violation of the rules or regulations adopted under this act, or orders of the department, or in violation of any term or condition of any permit issued by the department.

of the aforementioned charges as a misdemeanor of the third degree.

Appellants proceeded to a preliminary hearing before District Justice Joseph D. O'Donnell (District Justice) on February 11, 2004. Evidence was presented that Oliver had admitted to an investigating agent of the Attorney General's Office that he had authorized Unis to dump construction and demolition waste on the Property to be burned. Oliver also stated that these waste materials came from a building he owned in the City of Butler that was being demolished by Unis. Additionally, Timothy Switzer, Oliver's tenant on the Property, testified that he agreed with Oliver to burn the materials dumped by Unis in exchange for "some beer and cigarettes and that." Notes of Testimony 2/11/04 at 31 (N.T. ——); R.R. 150. Neither Oliver nor Unis, nor any person or entity affiliated with the Property has ever been granted a permit from DEP to conduct such activities.

At the conclusion of the Commonwealth's case, Appellants questioned the propriety of the Commonwealth charging them with third-degree misdemeanors and requested that the District Justice "take jurisdiction" of the charges against them as summary offenses. *Id.* at 54–55; R.R.

173–174. The Commonwealth opposed Appellants' motion and reiterated that Appellants had been charged with misdemeanors of the third degree for "a continuing course of conduct in violation of the law." *Id.* at 55; R.R. 174. After a brief recess, the District Justice found Oliver and Unis each guilty of one summary offense under the Act and sentenced them to pay fines of $300 plus costs.[5]

■■■ The Commonwealth petitioned the trial court to issue a writ of *certiorari* to review the District Justice's verdicts against each of the Appellants. Alternatively, the Commonwealth filed a notice of appeal from the District Justice's decision. Appellants answered the petitions and moved to strike the notices of appeal. Following oral argument, the trial court issued the writs of *certiorari* on July 9, 2004. The trial court vacated the District Justice's verdicts and, based upon its own review of the evidence offered at the preliminary hearing, found that the Commonwealth had established its *prima facie* case against Oliver and Unis. Accordingly, the court ordered Appellants held over for trial on the original misdemeanor charges. Appellants' timely appeal to this Court followed.[6]

---

(3) Burn solid wastes without a permit from the department.

\* \* \*

(6) Transport or permit the transportation of any solid waste to any storage, treatment, processing or disposal facility or area unless such facility or area possesses a permit issued by the department to accept such wastes, or contrary to the rules or regulations adopted under this act, or orders of the department, or in such a manner as to adversely affect or endanger the public health, safety and welfare or environment through which such transportation occurs. 35 P.S. § 6018.610.

**5.** Oliver was convicted of a summary violation of burning solid waste, 35 P.S. § 6018.610(3), while Unis was convicted of a

summary violation of transporting solid waste to Oliver's property. 35 P.S. § 6018.610(6). N.T. 2/11/04 at 57; R.R. 176. Although the District Justice did not expressly dismiss the misdemeanor charges, that was the inevitable result of his verdict. Moreover, the notation "DIS" appears next to the two remaining counts on the docket transcript. R.R. 107.

**6.** Section 934 of the Judicial Code, 42 Pa.C.S. § 934, provides that the judges of the courts of common pleas shall have the power to issue writs of *certiorari* to the minor judiciary only to consider questions of law. A lower court's decision on the issuance of a writ of *certiorari* will not be disturbed absent an abuse of discretion. *Commonwealth v. Elisco*, 446 Pa.Super. 291, 666 A.2d 739, 740 (1995).

■ On appeal, Appellants contend that the Double Jeopardy Clauses of the United States and Pennsylvania Constitutions [7] prohibited the trial court from exercising the functional equivalent of appellate jurisdiction, whether by issuance of a writ of *certiorari* or otherwise. In Appellants' view, the Commonwealth is attempting to retry them on misdemeanor violations after they were convicted by the District Justice of summary offenses containing identical elements. The Commonwealth counters that the proceedings before the District Justice were a legal nullity because he lacked jurisdiction to transform the preliminary hearing into a summary trial. Thus, the Commonwealth contends, jeopardy never attached. We agree.

We begin with Section 606 of the Act (Criminal penalties), which provides, in pertinent part, as follows:

(a) Any person, other than a municipal official exercising his official duties, or any municipality who violates any provision of this act, . . . upon conviction thereof in a summary proceeding, shall be sentenced to pay a fine of not less than $100 and not more than $1,000 and costs and, in default of the payment of such fine and costs, to undergo imprisonment for not more than 30 days.

(b) Any person other than a municipal official exercising his official duties who violates any provision of this act, . . . shall be guilty of a misdemeanor of the third degree and, upon conviction, shall be sentenced to pay a fine of not less than $1,000 but not more than $25,000

per day for each violation or to imprisonment for a period of not more than one year, or both.

35 P.S. § 6018.606. Our Supreme Court has reviewed this statutory language and held that "the decision of whether to prosecute an alleged offender under sections 606(a) or 606(b) is a matter legitimately committed to the sound discretion of the prosecutor or agency charged with enforcement of the Act." *Commonwealth v. Parker White Metal Company,* 512 Pa. 74, 95, 515 A.2d 1358, 1369 (1986). Thus, the Act unquestionably vests discretion in the Commonwealth to charge a violation as either a misdemeanor or summary offense.

The Pennsylvania Rules of Criminal Procedure recognize the fundamental distinction between misdemeanor and summary offenses. At the outset, Rule 103 instructs that a misdemeanor offense shall be adjudicated in a "court case," while a summary offense is adjudicated in a "summary case." [8] This distinction permeates the Rules of Criminal Procedure; Chapter 4 is devoted to "Procedures in Summary Cases," while Chapter 5 governs "Pretrial Procedures in Court Cases." Thus, in the present case, once the Commonwealth elected to charge Appellants with misdemeanor offenses, the Rules of Criminal Procedure determined the course by which Appellants would be prosecuted—as a "court case" under Chapter 5 of the Rules.

■ The role of a district justice in each type of case has also been carefully defined by statute and the Rules. Pursuant to Section 1515 of the Judicial Code, 42

We also note that a direct appeal may be taken from a denial of a motion to dismiss on double jeopardy grounds unless the hearing court makes written findings that the motion is frivolous. *Commonwealth v. Brady,* 510 Pa. 336, 508 A.2d 286 (1986).

7. U.S. Const. amend. V and Pa. Const. art. 1, § 10.

8. Rule 103 defines a "court case" as "a case in which one or more of the offenses charged is a misdemeanor, felony, or murder of the first, second, or third degree." Pa R.Crim. P. 103. By contrast, a "summary case" is "a case in which the only offense or offenses charged are summary offenses." *Id.*

Pa.C.S. § 1515, a district justice serves as a committing magistrate in court cases and as trier of fact in summary cases.[9] As a committing magistrate in a court case, a district justice is charged with presiding over the preliminary hearing if not waived by the defendant. The purpose of a preliminary hearing is well-settled and stands in stark contrast to a summary trial, where the role of the district justice is to determine guilt or innocence:

> The basic principles of law with respect to the purpose of a preliminary hearing are well established. The preliminary hearing is not a trial. The principal function of a preliminary hearing is to protect an individual's right against an unlawful arrest and detention.... At this hearing the Commonwealth bears the burden of establishing at least a *prima facie* case that a crime has been committed and that the accused is probably the one who committed it.... It is not necessary for the Commonwealth to establish at this stage the accused's guilt beyond a reasonable doubt.... In order to meet its burden at the preliminary hearing, the Commonwealth is required to present evidence with regard to each of the material elements of the charge and to establish sufficient probable cause to warrant the belief that the accused committed the offense.

*Commonwealth v. McBride*, 528 Pa. 153, 157–158, 595 A.2d 589, 591 (1991) (citations omitted). Further, pursuant to Rule 543 of the Rules of Criminal Procedure, "[i]f the Commonwealth establishes a *prima facie* case of the defendant's guilt, the issuing authority shall hold the defendant for court. Otherwise, the defendant shall be discharged." Pa. R.Crim. P. 543(A).

Thus, in view of the foregoing principles, we agree with the Commonwealth that the District Justice in this case had only two options at the close of the preliminary hearing: either hold Appellants for trial if the Commonwealth established a *prima facie* case or discharge Appellants if the Commonwealth failed to sustain its burden. The "third" option chosen by the District Justice, to usurp the Commonwealth's prosecutorial discretion under the Act and *sua sponte* conduct a summary trial, simply has no foundation in the Judicial Code or the Rules of Criminal Procedure. The convictions rendered by the District Justice were a legal nullity.[10]

---

9. Section 1515 of the Judicial Code provides, in relevant part, as follows:

> **(a) Jurisdiction.**—Except as otherwise prescribed by general rule adopted pursuant to section 503 (relating to reassignment of matters), district justices shall, under procedures prescribed by general rule, have jurisdiction of all of the following matters:
>
> (1) Summary offenses, except those arising out of the same episode or transaction involving a delinquent act for which a petition alleging delinquency is filed under Chapter 63 (relating to juvenile matters).
>
> \* \* \*
>
> (4) As commissioners to preside at arraignments, fix and accept bail, except for offenses under 18 Pa.C.S. §§ 2502 (relating to murder) and 2503 (relating to voluntary manslaughter) for which the fixing and accepting of bail shall be performed by any judge of any court of common pleas, and to issue warrants and perform duties of a similar nature, including the jurisdiction of a committing magistrate in all criminal proceedings.

42 Pa.C.S. § 1515(a)(1), (4).

10. With regard to Appellants' double jeopardy argument, our Supreme Court has held that "jeopardy attaches only when a defendant is 'put to trial before the trier of facts.'" *Commonwealth v. Thorpe*, 549 Pa. 343, 347, 701 A.2d 488, 489–490 (1997) (citing *Liciaga v. Court of Common Pleas of Lehigh County*, 523 Pa. 258, 265, 566 A.2d 246, 249 (1989) (opinion announcing judgment of the court)). Here, Appellants were brought before the District Justice for a preliminary hearing. As discussed above, the function of the District Justice at this stage of the proceedings was

In sum, we find no abuse of discretion by the trial court in issuing the writs of *certiorari* in this matter. The District Justice clearly overstepped his authority as a committing magistrate by usurping the Commonwealth's prosecutorial discretion and *sua sponte* convicting Appellants of summary offenses. Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, this 14th day of March, 2005, the order of the Court of Common Pleas of Butler County in the above-captioned matter dated July 7, 2004, and entered July 9, 2004, is hereby AFFIRMED.

that of committing magistrate, not trier of fact. Appellants were simply never legitimately put to trial before a trier of fact. Jeopardy never attached to either defendant.