J-A16008-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT REDANAUER | : | No. 1631 EDA 2021 |

Appeal from the Order Entered July 15, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  MC-51-CR-0007444-2021,
MC-51-CR-0007445-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT REDANAUER | : | No. 1632 EDA 2021 |

Appeal from the Order Entered July 15, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  MC-51-CR-0007444-2021,
MC-51-CR-0007445-2021

BEFORE:  McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

DISSENTING MEMORANDUM BY PELLEGRINI, J.: **FILED JANUARY 13, 2023**

I respectfully dissent.  The Commonwealth filed a single criminal complaint charging Redanauer with misdemeanor crimes of simple assault, recklessly endangering another person (REAP), possessing instruments of

---

[*] Retired Senior Judge assigned to the Superior Court.

crime (PIC), and terroristic threats with two victims. For reasons unclear from the record, the Philadelphia Municipal Court (PMC) docketed two cases rather than one in violation of our Rules of Criminal Procedure. The offenses against the minor victim were docketed at 7444-2021 and those against Daniel Taylor, the adult victim, were docketed at 7445-2021. *See* PARS Report, Docket 7444-2021 ("Juvenile Complainant"); PARS Report, Docket 7445-2021 ("Daniel Taylor"). The Commonwealth filed a certification exercising its right to a jury trial.

Despite stating on the record that the proceeding was merely a preliminary hearing, the committing judge retroactively declared it to be a trial and found Redanauer not guilty at docket 7445. Because the judge, sitting essentially as a committing magistrate, lacked jurisdiction to adjudicate the merits, double jeopardy never attached because Redanauer was never in jeopardy. I would reverse and reinstate the charges.

The majority's holding has two unintended consequences. First, it would somehow allow committing judges to convert a preliminary hearing into a trial and declare the defendant guilty even though the defendant did not even know he was going to trial. While on its face that is absurd, that is the necessary implication of the majority's decision. Moreover, it would allow defendants charged with serious crimes to escape prosecution because of perfidy on the part of the committing judge to find someone not guilty after what is undeniably a preliminary hearing.

**I.**

The majority aptly summarizes the facts of the alleged offenses. The certified record reveals that a single criminal complaint (Criminal Complaint) describing alleged crimes was filed in support of the charges relating to Daniel Taylor and A, his minor brother.[1] Additionally, two criminal complaint documents with the "PARS"[2] logo were filed. These pages had different PMC docket numbers but the same control number as the Criminal Complaint. In the area for describing the facts of the offenses, they read, "Legacy Warrant Complaint." Otherwise, these two pages differed in that one was labeled "Child Victim" and the other "Misdemeanor." The Child Victim complaint has a computer-generated time and date stamp of "04/22/2021 9:37 AM," while the Misdemeanor complaint is stamped "04/22/2021 9:38 AM."

As the Commonwealth argues, Rule of Criminal Procedure 505(B) requires that "[w]hen more than one offense is alleged to have been committed by one person arising from the same incident, the issuing authority *shall* accept only one complaint, and *shall* docket the matter as a single case." Pa.R.Crim.P. 505(B). Further, "[w]hen one or more such offenses are charged in a single complaint or series of complaints against one defendant, all *shall*

_____

[1] This Criminal Complaint has all the required attributes of a complaint under our Rules of Criminal Procedure, save for a notation of whether the defendant has been fingerprinted. **See** Pa.R.Crim.P. 504.

[2] Philadelphia's Preliminary Arraignment System.

be joined in the same Municipal Court case. . . ." Pa.R.Crim.P. 1001(B) (emphasis added). For reasons unclear from the certified record, the Rules were plainly not followed in this case.[3] The Child Victim and Misdemeanor cases were assigned separate, successive docket numbers, even though the crimes described in the accompanying Criminal Complaint were allegedly committed by Redanauer in a single incident.

The majority reasons that "[w]hile the statute addresses multiple offenses by one person arising from the same incident, it is silent as to multiple victims. As such, Rule 505(B) is inapplicable in determining whether these two cases should have been considered and docketed as a single case." Majority Memorandum at 8. I find this reading of the Rule strained. The Rule does not distinguish between "multiple offenses" and "multiple victims" because when a crime involves "multiple victims" it would, by definition, involve "multiple offenses." Moreover, even setting aside Rule 505(B), Rule 1001(B) mandates that the cases be joined and proceed together.

Because the Commonwealth filed a certification to proceed to a jury trial in the lead docket number of a case that should, per Rules 505(B) and

---

[3] The Commonwealth posits in its brief that the charges were docketed separately due to a quirk of the filing software in PMC, which requires a separate PMC docket number for each complainant at the preliminary arraignment stage. *See* Commonwealth's Brief at 7-8 n.2. It goes without saying that the programming features of the PMC's software cannot supersede our Rules of Criminal Procedure.

1001(B), have only one docket number, I would hold that the certification applied to the erroneously-generated docket as well. Further, the record demonstrates that this was the trial court's understanding of the proceedings as well, at least until the defendant belatedly asserted that the proceeding that had already concluded was, in fact, a trial, not a preliminary hearing. Previously, the committing judge cut off the Commonwealth's examination of the victim during the "trial" as irrelevant, stating **"[w]e are at a preliminary hearing. . . . Don't waste my time. . . . It is completely irrelevant with what we are doing here today. Have you been doing this long?"** N.T., 7/15/21, at 9-10 (emphasis added.) The Commonwealth cannot be faulted for proceeding as if at a preliminary hearing when it was admonished by the committing judge that is what it was![4]

I would hold that after the Commonwealth filed its certification to exercise its right to a jury trial in the Court of Common Pleas and the matter was listed for a preliminary hearing, PMC lacked jurisdiction to proceed on the case as a trial. **See** Pa.R.Crim.P. 1001(D) ("Upon receipt of the certification, the President Judge promptly *shall* schedule a preliminary hearing, and the case *shall* be conducted as provided in Rules 541, 542, 543, and 1003(E)." (emphasis added)).

_____

[4] I also observe that other procedures to protect Redanauer's due process rights were not observed during this "trial," such as a colloquy on his right to testify on his own behalf. Understandably, Redanauer did not challenge these omissions.

Under the rules governing preliminary hearings, the committing judge was required to either hold the charges for court if it found that the Commonwealth had established a *prima facie* case or dismiss the charges if it did not. **See Commonwealth v. Davis**, 242 A.3d 923, 937-39 (Pa. Super. 2020) (discussing a magisterial district judge's powers under Rules 542 and 543); **see also Commonwealth v. Oliver**, 869 A.2d 1167, 1171 (Pa. Cmwlth. 2005) (district justice's *sua sponte* decision at preliminary hearing to convict defendants of summary offenses under Solid Waste Management Act rather than determine existence of *prima facie* case to hold defendants for trial on charged misdemeanor offenses was unlawful and a legal nullity).

## II.

Ignoring the committing judge's sleight of hand in converting a preliminary hearing into a trial, the majority finds that since Redanauer was found not guilty at docket 7445 and the facts at that docket are the same as docket 7444, arise from the same incident and involve the same offenses, the charges are barred at docket 7444 based on double jeopardy principles. That holding is based on the false assumption that a trial took place at docket 7445 when it did not. What was taking place was a preliminary hearing – the committing judge said so.

Because the Commonwealth exercised its right to a jury trial in the Court of Common Pleas, a trial on the merits on these charges could not have taken place because there was never an issuing authority's finding of a *prima facie*

case, which is a prerequisite to requiring the defendant to stand trial and risk a criminal conviction. Absent a finding of a *prima facie* case (or an unambiguous waiver of a preliminary hearing under Rule of Criminal Procedure 541), "the defendant is not exposed to a finding of responsibility for the alleged errant conduct and jeopardy does not attach." *Liciaga v. Ct. of Common Pleas of Lehigh Cty.*, 566 A.2d 246, 248 (Pa. 1989) (opinion announcing judgment of court) (citation omitted); *see also Commonwealth v. Cordoba*, 902 A.2d 1280, 1284–85 (Pa. Super. 2006).

The majority ignores that jeopardy never attached because Redanauer was simply "never subjected to the risk of being convicted" at his preliminary hearing, *Commonwealth v. Hunter*, 674 A.2d 306, 307–08 (Pa. Super. 1996), and because "[y]ou can't have double jeopardy without a former jeopardy," *United States v. Torres*, 28 F.3d 1463, 1465 (7th Cir. 1994), and "double jeopardy" would not bar further prosecution on docket 7444. *See Hunter*, 674 A.2d at 307–08; *see also Commonwealth v. Smith*, 570 A.2d 559, 161 (Pa. Super. 1990) (reiterating the "'fundamental'" point that "'an accused must suffer jeopardy before he can suffer double jeopardy'") (quoting *Serfass v. United States*, 420 U.S. 377, 393 (1975)).

Imagine a committing judge telling a defendant that what was going to occur was a preliminary hearing to determine whether he was going to be held for trial, but at the end of the proceeding, the committing judge nevertheless adjudicates him guilty after deciding that what actually occurred was a trial

on the merits. Because, in the majority's view, there were no procedural impediments, the defendant's only relief would be through the normal challenges to a conviction. Further imagine if the charge at an erroneously-created consolidated PMC docket number was for aggravated assault or homicide arising out of the same incident. Under the majority's view, charges against the defendant would have to be dismissed because double jeopardy had attached after the initial trial-*cum*-preliminary hearing. Both of those outcomes are possible under the majority's decision.

Accordingly, I would conclude that the trial court's adjudication on the merits was a legal nullity, as it lacked jurisdiction to proceed to trial after the Commonwealth filed its certification. I would remand for a new preliminary hearing on a single case involving both victims in accordance with Rules 505(B) and 1001(B).